382 So.2d 115 (1980)
Gwenn GAMSE, Appellant,
v.
Richard TOUBY As Guardian of the Property of Winnie C. Weinstein, Appellee.
No. 79-1236.
District Court of Appeal of Florida, Third District.
April 1, 1980.
Orloff, Lowenbach, Stifelman & Siegel and Marian B. Copeland, Newark, N.J., for appellant.
Pallot, Stern & Pollack and Kenneth E. Cohen, Miami, for appellee.
Before HAVERFIELD, C.J., and BARKDULL and BASKIN, JJ.
PER CURIAM.
Gwenn Gamse, daughter of Winnie Weinstein, incompetent, appeals an order awarding the guardian of Mrs. Weinstein $6,500 in fees and the attorneys for the guardian $12,500 plus costs.
Winnie Weinstein was adjudicated incompetent and Richard Touby was appointed guardian of her property. Subsequently Touby filed a petition for instructions seeking to institute legal proceedings to determine *116 the validity of certain trust accounts[1] established in various financial institutions by Mrs. Weinstein and the amount of an alleged loan to her daughter Gwenn Gamse. Having obtained court authorization, Touby filed declaratory judgment actions against Gamse and others. A final judgment was entered upholding the validity of the trust accounts and finding that Gamse was not indebted to her mother. Thereafter, Touby petitioned the court for $8,700 for services rendered as guardian.[2] His attorneys also filed a petition seeking $12,551.25 plus costs for their services on behalf of Touby as guardian. A hearing was held and the trial court awarded Touby $6,500 and his attorneys $12,500 plus costs. Gwenn Gamse appeals the awards and argues that the amount of the fees are unreasonable and excessive. We cannot agree.
The amount of guardian and/or attorneys' fees to be awarded (as compensation for services rendered) is in the discretion of the trial judge and his determination will not be disturbed unless there is a lack of competent substantial evidence to support the award. See Lucom v. Atlantic National Bank of West Palm Beach, 97 So.2d 478 (Fla. 1957); Rivers v. Phillips, 367 So.2d 251 (Fla. 3d DCA 1979).
The record in the instant case is replete with evidence supporting the awards to Touby, the guardian and his attorneys. Gamse having failed to present any expert testimony as to what reasonable fees would be, we find no abuse of discretion.
Affirmed.
NOTES
[1] Placed in trust for her children and/or grand-children.
[2] Pursuant to Section 744.108, Florida Statutes (1977).