898 So.2d 1139 (2005)
Joyce BUTLER, Appellant,
v.
GUARDIANSHIP OF Mallie S. PEACOCK, et al, Appellee.
No. 5D04-15.
District Court of Appeal of Florida, Fifth District.
April 1, 2005.
*1140 Robert E. Landt of Landt and Landt, Ocala, for Appellant.
Marty Smith of Bond, Arnett, Phelan, Smith & Craggs, P.A., Ocala, for Appellees Alfred B. Peacock, III, Gary Peacock and Bonnie Peacock.
Albert J. Vidal of Vidal & Midgett, LLP, Ocala, for Appellee the Plenary Guardian of Person and Property of Mallie S. Peacock.
PALMER, J.
Joyce Butler appeals the trial court's order awarding her only a portion of the attorney's fees and costs incurred by her in this guardianship action. Finding no abuse of discretion by the trial court, we affirm.
Butler initiated this action by filing a petition to determine incapacity, a petition for appointment of a plenary guardian, and an application for appointment as the guardian for her mother, Mallie S. Peacock. The petitions were premised on the facts that Peacock is 82 years old and suffers from Alzheimer's disease, and that in her will Peacock designated Butler to be her guardian. Peacock's other children filed an objection to Butler's petition as well as a request that the court appoint a professional guardian to manage Peacock's affairs. At essentially the same time, Patricia Wood, a professional guardian, filed an application to be appointed guardian for Peacock.
The trial court appointed Wood to serve as an emergency temporary guardian, and then scheduled an evidentiary hearing on the matter.
At the hearing, evidence was presented that Wood was properly providing for Peacock's needs. Peacock appeared to be thriving and doing well since Wood's appointment. Butler testified that if she were appointed permanent guardian over Peacock, she would relocate Peacock from her family home to Butler's home and then hire appropriate caregivers for her, notwithstanding the fact that Peacock's doctors testified that it would be traumatic to move Peacock from her family home. Upon review of the evidence, the trial court denied Butler's request to be appointed guardian and appointed Wood to serve as Peacock's permanent guardian.
Butler thereafter petitioned the trial court for an award of all the attorney's fees and costs incurred by her in these proceedings. Wood filed an objection to that request. After conducting a hearing on the matter, the trial court awarded Butler fees up to the date that the dispute *1141 arose over who should be appointed Peacock's permanent guardian, concluding that after that date Butler's attorney was rendering services on behalf of Butler, not on behalf of Peacock.
Butler challenges this ruling, arguing that the trial court abused its discretion by failing to award her all of the fees requested since, by seeking to be appointed guardian based on Peacock's statements in her will, Butler was seeking to honor Peacock's pre-need designation of a guardian. We disagree.
An attorney who has rendered services to the ward or to the guardian on the ward's behalf is entitled to receive a reasonable fee for such services, as well as reimbursement for costs incurred on behalf of the ward. See § 744.108(1), Fla. Stat. (2002). The determination of the amount of guardian fees or attorney's fees to be awarded as compensation for services rendered is within the discretion of the trial court and that determination will not be disturbed on appeal unless there is a lack of competent substantial evidence to support the award. Gamse v. Touby, 382 So.2d 115 (Fla. 3d DCA 1980).
According to section 744.3045(4) of the Florida Statutes, production of a written pre-need declaration appointing a guardian in a proceeding for incapacity shall operate as a presumption that the pre-need guardian is entitled to serve as guardian. However, the presumption is rebuttable in that the trial court is not bound to appoint the pre-need guardian if the pre-need guardian is found to be unqualified. See § 744.3045(4), Fla. Stat. (2002).
In the instant case, after conducting an evidentiary hearing, the trial court concluded that the presumption in favor of appointing Butler to be Peacock's guardian as established by Peacock's pre-need declaration had been rebutted. Specifically, the trial court found that due to the unique facts and circumstances of the case, Butler was unqualified to serve as Peacock's guardian and that the evidence presented at the hearing indicated that Wood was doing an excellent job overseeing Peacock's affairs. Under section 744.108, in order to be entitled to receive attorney fees' the attorney services must benefit the ward. Here, no evidence was presented regarding how the litigation over who would be appointed Peacock's guardian could be considered services rendered on Peacock's behalf, especially when all the parties except Butler agreed that Wood was doing an excellent job overseeing Peacock's care. Therefore, the trial court did not abuse its discretion by awarding Butler only a portion of her attorney's fees.
AFFIRMED.
MONACO and TORPY, JJ., concur.