WALLACE, Judge.
In Case No. 2D10-2977, Jana Thorpe, a professional guardian, appeals the circuit court’s order denying her any compensation for her services as the emergency temporary guardian of Mary K. Zwayer (the Ward). In Case No. 2D10-3402, Michael Love-Zwayer and Joan Duffee, who successfully petitioned for the creation of a guardianship for the Ward, appeal the circuit court’s order denying their attorneys any fees or reimbursement of costs. Because both Ms. Thorpe and the petitioners’ attorneys are entitled to reasonable compensation under section 744.108, Florida Statutes (2009), the circuit court erred in *340 failing to make appropriate awards to them. Accordingly, we reverse the circuit court’s order in each case and remand for further proceedings.
I. THE FACTUAL AND PROCEDURAL BACKGROUND COMMON TO BOTH CASES
These consolidated cases involve two separate orders and different appellants. However, the appellees are the same in each case. The two cases also share a common core of facts. This court previously consolidated the cases on the appel-lees’ motion.
On October 6, 2009, two of the Ward’s children, Michael Love-Zwayer and Joan Duffee, filed a petition in the Highlands County Circuit Court to determine the incapacity of the Ward. In their petition, Michael and Joan alleged that the Ward, who was ninety-three years old, was suffering from dementia. Michael and Joan also filed a petition seeking the appointment of Ms. Thorpe as the plenary guardian of the person and property of the Ward. Ms. Thorpe was a professional guardian registered with the Statewide Public Guardianship Office.
The Ward had nine children living when the petitions were filed. In the months preceding the filing of the petitions, most of the Ward’s nine children had substantial disagreements concerning access to the Ward and the handling of her finances. Such disagreements and concerns about these matters led Michael and Joan to file a separate petition seeking the appointment of Ms. Thorpe as the emergency temporary guardian of the Ward. In this petition, Michael and Joan alleged that some of the Ward’s other children had (1) concealed the Ward’s whereabouts; (2) moved the Ward from Ohio to Florida at a time when her health was at risk; (3) changed the Ward’s accounts and assets into joint ownership; (4) sold some of the Ward’s assets and used the proceeds to purchase things for themselves, including a boat; and (5) generally failed to account for, or to otherwise explain, their management of the Ward’s affairs.
On October 7, 2009, the circuit court entered an order appointing Ms. Thorpe as the emergency temporary guardian of the Ward. This order was entered without notice to the Ward’s other children. The order appointing Ms. Thorpe recited that it appeared to the circuit “court that there is an imminent danger that the physical or mental health or safety of the alleged incapacitated person will be seriously impaired or that the property of that person is in danger of being wasted, misappropriated or lost unless immediate action is taken.” Although Thomas Zwayer, one of the ap-pellees, filed a motion to revoke Ms. Thorpe’s appointment, the circuit court never revoked or vacated her appointment as emergency temporary guardian. Indeed, the circuit court later extended Ms. Thorpe’s original ninety-day appointment until “April 5, 2010, or [until] such time as a plenary guardian is appointed ..., whichever occurs first.”
Meanwhile, the examining committee that was appointed as a result of the petition to determine incapacity found the Ward to be totally incapacitated. The examining committee recommended the appointment of a plenary guardian for the Ward. In a decision which disturbed some of the Ward’s children, Ms. Thorpe removed the Ward from her home in Avon Park and placed her in an assisted living facility (the ALF). Jon Zwayer, one of the Ward’s sons, had been living with the Ward in her Avon Park residence and acting as her caregiver.
As the guardianship proceedings progressed, the various siblings gravitated into factions, lawyers were hired, and liti *341 gation commenced. The issues in controversy revolved around the necessity for the appointment of a guardian and, if a guardianship was established, the best candidate for appointment as guardian. Thomas Zwayer initially opposed the creation of a guardianship, but he also filed a competing petition to be appointed as the plenary guardian of the person and property of the Ward.
To their credit, the Ward’s children eventually realized that continued litigation over these matters was not in anyone’s interest. The mounting costs of the litigation were also inconsistent with the conservation of the Ward’s relatively modest estate. At a hearing held on January 22, 2010, the nine siblings stipulated to a settlement. In accordance with the settlement agreement, the Ward was declared to be totally incapacitated. Thomas was appointed plenary guardian of the Ward’s person. One of the Ward’s daughters, M. Suzanne Myers, was appointed plenary guardian of the Ward’s property. The boat, motor, and trailer which had been bought with over $14,000 of the Ward’s money and titled in the names of one of her sons and his wife were to be sold and the proceeds paid to the Ward’s estate. And the Ward would leave the ALF and return home, spending one-half of the year at her home in Avon Park and the other one-half of the year in Ohio. Jon apparently resumed his role as the Ward’s caregiver at the Avon Park residence.
Unfortunately, the settlement agreement did not address the issue of fees and costs for Ms. Thorpe or for the attorneys for the petitioners, Michael and Joan.[1] The omission to address the issue of payment of these fees and costs set the stage for the additional disputes that are the subject of these appeals.
We will discuss first the issue of Ms. Thorpe’s fees for her services as emergency temporary guardian. Then we will consider Michael and Joan’s petition for the payment of the fees and costs of their attorneys. But before discussing these matters, we will note the applicable standards of review.
II. THE APPLICABLE STANDARDS OF REVIEW
Generally speaking, appellate review of orders awarding guardian’s fees and attorney’s fees is for abuse of discretion. See Lutheran Servs. Fla., Inc. v. McCoskey (In re Guardianship of Shell), 978 So.2d 885, 889-90 (Fla. 2d DCA 2008) (guardian’s fees); Butler v. Guardianship of Peacock, 898 So.2d 1139, 1141 (Fla. 5th DCA 2005) (attorney’s fees); Gamse v. Touby, 382 So.2d 115, 116 (Fla. 3d DCA 1980) (guardian’s fees and attorney’s fees). However, in this case, the circuit court did not award any fees at all to Ms. Thorpe or to the attorneys for Michael and Joan. The circuit court’s decision to deny them any fees was based both on its interpretation of section 744.108 and its findings that their services did not benefit the Ward.
We defer to the circuit court’s findings of fact when they are based on competent, substantial evidence. State, Fla. Highway Patrol v. Forfeiture of Twenty Nine Thousand Nine Hundred & Eighty (29,980) in U.S. Currency, 802 So.2d 1171 1172 (Fla. 3d DCA 2001). How *342 ever, we are not required “to disregard record evidence that disproves the lower court’s findings or that reveals its ruling to be an abuse of discretion.” In re Doe, 932 So.2d 278, 284 (Fla. 2d DCA 2005). To the extent that the circuit court based its rulings on its interpretation of the pertinent statute, we employ a de novo standard of review. See Ware v. Land Title Co. of Fla., Inc. 582 So.2d 46, 46-17 (Fla. 2d DCA 1991) (applying de novo review).
III. MS. THORPE’S GUARDIAN’S FEES, CASE NO. 2D10-2977

A. Ms. Thorpe’s Fee Petition

On March 29, 2010, Ms. Thorpe filed a petition for guardian’s fees. The petition was accompanied by a detailed listing of her services rendered and the times devoted to the various services. In her petition, Ms. Thorpe alleged that she had spent 162.6 hours on the case between October 7, 2009, and January 21, 2010. She requested payment for 162.6 hours at the rate of $80 per hour for a total of $13,008, in compensation. Thomas and Suzanne promptly filed an objection to the petition. In their objection, Thomas and Suzanne stated that they did not object to the number of hours for which Ms. Thorpe had billed. Instead, they objected only to her $80-per-hour billing rate. According to Thomas and Suzanne, professional guardians in Highlands County typically charge between $25 and $40 per hour.
On May 4, 2010, Ms. Thorpe filed her final report. In her report, Ms. Thorpe explained that after the settlement was announced at the January 22 hearing, she anticipated the termination of the emergency temporary guardianship within thirty days. However, delays in obtaining the appointment of Thomas and Suzanne to their respective positions had unexpectedly prolonged Ms. Thorpe’s service as emergency temporary guardian. On May 4, 2010, Ms. Thorpe filed a supplemental petition for guardian’s fees. In the supplemental petition, Ms. Thorpe requested compensation for an additional 33.3 hours at her new billing rate of $85 per hour, for a total of $2830.50 in additional compensation.
The circuit court conducted a hearing on Ms. Thorpe’s request for compensation. Ms. Thorpe testified in her own behalf at the hearing. The only other witnesses to testify at the hearing were Jon Zwayer and the attorney for the Ward. They each testified briefly concerning their knowl-' edge of one or two of Ms. Thorpe’s time entries. In argument, Thomas and Suzanne expanded their objections to Ms. Thorpe’s fee petition from the rate charged to include (1) the number of hours claimed, (2) the charges made after the expiration of the emergency temporary guardianship, and (3) an unfavorable assessment of the results obtained. At the conclusion of the hearing, the circuit court did not announce a ruling. Instead, the circuit court directed counsel to submit proposed orders.

B. The Circuit Court’s Order

In its order, the circuit court denied Ms. Thorpe’s fee petition in its entirety. The circuit court reasoned that Ms. Thorpe was not entitled to any compensation from the Ward’s estate because her services “were of minimal, if any[,] benefit to the Ward, and were intended to benefit [Michael and Joan] in the Petition for Emergency Temporary Guardian.” Despite this ruling, the circuit court also ruled that (1) the reasonable number of hours Ms. Thorpe had devoted to the guardianship was 84.20, (2) a reasonable hourly rate for her services was $40, and (3) a reasonable fee for her services was $3368. The circuit court concluded by noting that Ms. Thorpe was “not precluded by this Order from seeking pay *343 ment of her fees from [Michael and Joan] who sought her appointment as Emergency Temporary Guardian herein.”

C. Discussion

We conclude that the circuit court erred in denying Ms. Thorpe any compensation for the services she rendered as emergency temporary guardian. Two reasons support our conclusion. First, the circuit court’s ruling is based on a misreading of the applicable statute. Second, the undisputed evidence presented at the hearing does not support the circuit court’s findings of fact.
1. The Statute
Section 744.108, the applicable statute, provides, in pertinent part, as follows:
(1) A guardian, or an attorney who has rendered services to the ward or to the guardian on the ward’s behalf, is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward.
Section 744.108(2) continues by listing nine factors that the circuit court must consider when a petition for guardian’s fees or attorney’s fees is submitted for determination. Under the statute, a guardian is entitled to a reasonable fee for services rendered. Lucom v. Atl. Nat’l Bank of W. Palm Beach, 97 So.2d 478, 481 (Fla.1957); Schacter v. Guardianship of Schacter, 756 So.2d 1075, 1076 (Fla. 4th DCA 2000); Ash v. Coconut Grove Bank, 448 So.2d 605, 607-08 (Fla. 3d DCA 1984).
There are some exceptions to the general rule entitling a guardian to payment for services rendered, but these exceptions are limited. We briefly mention three such exceptions. First, a guardian cannot expect to be compensated for services rendered outside the scope of his or her appointment. In re Guardianship of Jansen, 405 So.2d 1074, 1077 (Fla. 2d DCA 1981); Poling v. City Bank & Trust Co. of St. Petersburg, 189 So.2d 176, 182-83 (Fla. 2d DCA 1966). Second, a guardian guilty of theft or other breach of duty may forfeit the right to compensation. See Am. Surety Co. of N.Y. v. Hayden, 112 Fla. 17, 150 So. 114, 121 (1933). Third, on occasion, usually when a family member is appointed, a guardian may agree to serve without compensation. Here, there is no exception to the statutory requirement that guardians be compensated for their services.
In order for an attorney to be awarded fees from the ward’s estate under section 744.108(1), the attorney’s services must benefit the ward or the ward’s estate. See Butler, 898 So.2d at 1141. The clause in section 744.108(1) requiring the demonstration of the beneficial nature of the services rendered applies to attorneys, not guardians. Thus, under the statutory language, a guardian is not required to demonstrate that his or her services conferred a benefit on the ward or the ward’s estate as a prerequisite for obtaining a compensation award. The statute appears to presuppose that a guardian’s services benefit the ward or the ward’s estate. Cf. Essenson v. Lutheran Servs. Fla., Inc. (In re Guardianship of King), 862 So.2d 869, 870 (Fla. 2d DCA 2003) (“Florida cases in which fees have been denied to court-appointed representatives appear to be only those in which he or she was found to have exceeded the scope of appointment.” (citing Jansen, 405 So.2d at 1077)).
It follows that the circuit court reached an incorrect legal conclusion in ruling that Ms. Thorpe was required to demonstrate that her services as emergency temporary guardian were beneficial to the Ward or the Ward’s estate as a condition of receiving court-awarded compensation. The statutory scheme presumes that the services of guardians provide a benefit. To *344 the extent that the services of a guardian are unnecessary or unproductive, the circuit court may reduce the requested compensation based on the factors listed in section 744.108(2) but may not deny compensation altogether.
2. The Factual Findings
The circuit court based its decision to deny Ms. Thorpe any compensation in substantial part on a finding that her services “were of minimal, if any[,] benefit to the Ward, and were intended to benefit [Michael and Joan] in the Petition for Emergency Temporary Guardianship.” A review of the testimony presented at the hearing on Ms. Thorpe’s fee petition reveals a lack of any evidentiary support for this finding. And the detail of Ms. Thorpe’s services attached to her fee petition was replete with services performed on behalf of the Ward and her estate. Except for opposing testimony concerning the time expended on two or three tasks, this evidence was unrebutted.
The rationale for the circuit court’s finding appears to be the partial restoration of the status quo ante resulting from the siblings’ settlement. The Ward left the ALF, and she resumed living in her Avon Park residence with her son Jon. But the restoration of the earlier state of affairs resulting from the settlement was by no means complete. Plenary guardians of the person and property were appointed for the Ward. Thus the Ward’s care and finances were placed under the court’s supervision and protection, substantially reducing the possibility of her abuse or exploitation. The boat, motor, and trailer were required to be sold and the proceeds returned to the Ward’s estate. Undeniably, the creation of a guardianship for the Ward was appropriate, or the circuit court would not have approved the settlement agreement.
Ms. Thorpe performed important services on behalf of the Ward while the Ward’s children were battling over the necessity for the creation of a guardianship and over who would be appointed as the Ward’s guardian. There is nothing in the record suggesting that Ms. Thorpe was working for Michael and Joan in disregard of her obligation to act in the best interests of the Ward. A family member or members frequently petition the court for the appointment of a guardian, but the court decides whether a guardianship is appropriate and, if so, appoints the guardian. The guardian works in the interest of the ward under the supervision and control of the court, not at the behest of the person or persons who sought the appointment.
In addition, on December 1, 2009, almost two months after Ms. Thorpe’s appointment, the circuit court actually extended Ms. Thorpe’s tenure as emergency temporary guardian for another four months. The circuit court’s decision to continue rather than to terminate Ms. Thorpe’s appointment supports the conclusion that her services were necessary and beneficial for the Ward, not that they “were of minimal, if any[,] benefit.”
The order appointing Ms. Thorpe as emergency temporary guardian placed her squarely in the middle of a complicated and contentious family quarrel. The court-appointed attorney for the Ward described the Zwayer case as “the most contentious guardianship I’ve seen in years.” The record reflects that Ms. Thorpe did what she thought was best for the Ward under difficult and trying conditions. Granted, one might quibble with some of Ms. Thorpe’s time entries and question her requested hourly rate, but her right to receive reasonable compensation was not diminished or nullified by the partial restoration of the status quo ante resulting from the settlement agreement.

*345
D. Proceedings on Remand

For the foregoing reasons, we reverse the circuit court’s order denying Ms. Thorpe any compensation. However, on remand, it will not be sufficient for the circuit court to enter an order awarding Ms. Thorpe the $3368 that it determined to be a reasonable fee. Although the circuit court made a finding in its order concerning the number of hours it deemed reasonable, we are unable to determine from the order how the circuit court arrived at this finding. The order does not delineate the services for which compensation was deemed permissible and the services for which compensation was disallowed. This deficiency frustrates meaningful appellate review of the order’s alternative finding that $3368 amounts to reasonable compensation for Ms. Thorpe’s services.
Accordingly, on remand, the circuit court shall enter an order awarding Ms. Thorpe a reasonable fee for her services. The amount awarded shall be supported by express findings either in the order or on the record concerning the hours allowed and disallowed and the other factors considered in arriving at the amount of the award. See Valentini v. State (In re Guardianship of Sitter), 779 So.2d 346, 348-49 (Fla. 2d DCA 2000); Jones v. Dunning, 661 So.2d 941, 942 (Fla. 5th DCA 1995).
IV. MICHAEL AND JOAN’S PETITION FOR ATTORNEY’S FEES, CASE NO. 2D10-3402

A. The Petition and the Circuit Court’s Order

After the settlement was reached, Michael and Joan, the original petitioners, filed a petition requesting fees and costs for the attorneys who had represented them in the guardianship proceedings. The circuit court entered an order on their petition denying any fees and costs to their attorneys.[2] The circuit court explained that “the services provided by counsel for petitioners were not on behalf of the Ward but were on behalf of the petitioners and other family members.” We conclude that the circuit court erred in failing to award the attorneys for Michael and Joan at least a portion of their fees and costs.

B. Discussion

Under section 744.108(1), “an attorney is entitled to receive a reasonable attorney’s fee for professional services rendered and reimbursement of costs incurred for the benefit of the ward; payment of reasonable compensation is mandatory.” Price v. Austin, 43 So.3d 789, 790 (Fla. 1st DCA 2010). Under the statute, “the probate court is not ‘at liberty to award anything more or less than fair and reasonable compensation for the services rendered or monies expended in each individual case.’ ” Lutheran Servs., 978 So.2d at 890 (quoting Lewis v. Gramil Corp., 94 So.2d 174, 176 (Fla.1957)). However, the attorney’s entitlement to payment of reasonable fees and costs is subject to the limitation that his or her services must benefit the ward. King v. Fergeson, Skipper, Shaw, Keyser, Baron, & Tirabassi, P.A., 862 So.2d 873, 874 (Fla. 2d DCA 2003) (Villanti, J., concurring specially); Butler, 898 So.2d at 1141.
We are unable to conclude that the circuit court abused its discretion in deny *346 ing fees and reimbursement of costs to Michael and Joan’s attorneys to the extent that they pursued unproductive litigation over who would be appointed as guardian or other goals that did not benefit the Ward or her estate. See Butler, 898 So.2d at 1141. But the attorneys also initiated the proceedings for the determination of the Ward’s incapacity and for the appointment of a guardian. As a direct result of these efforts, the Ward was determined to be totally incapacitated and the circuit court appointed plenary guardians of her person and property. Unquestionably, these services benefitted the Ward. It follows that the attorneys for Michael and Joan were entitled to their fees and costs related to those efforts. Id. at 1141. The circuit court erred in ruling to the contrary. Accordingly, we reverse the circuit court’s order to the extent that it denied Michael and Joan’s petition for attorney’s fees and costs related to these efforts.

C. Proceedings on Remand

On remand, the circuit court must reconsider the petition and make an appropriate award of fees and costs to Michael and Joan’s attorneys. The circuit court’s order must set forth the basis for the award, including the hours determined to be com-pensable, the hourly rate, and the other factors considered in arriving at the award. The order must also itemize the costs allowed. See Simhoni v. Chambliss, 843 So.2d 1036, 1037 (Fla. 4th DCA 2003); Guardianship of Halpert v. Martin S. Rosenbloom, P.A., 698 So.2d 938, 939 (Fla. 4th DCA 1997); Jones, 661 So.2d at 942.
Affirmed in part, reversed in part, and remanded with directions.
NORTHCUTT and CRENSHAW, JJ., Concur.

. The settlement agreement also omitted to address payment of the fees and costs of the attorneys for Thomas and Suzanne. Later, the circuit court ordered payment to their attorneys of $23,936 in fees and reimbursement of costs of $2729.23, for a total award of $26,665.23. There was no objection to this award. The order awarding fees and costs to the attorneys who represented Thomas and Suzanne in the circuit court is not at issue on this appeal.

. However, as previously noted, the circuit court ordered that the fees and costs for Thomas' attorneys, amounting to more than $26,000, be paid in full from the Ward’s estate. Thus, in an ironic twist, the attorneys who unsuccessfully opposed the creation of the guardianship were paid in full; the attorneys who successfully proposed the creation of the guardianship were awarded nothing.