DAVIS, Chief Judge.
John J. Coppola, the Former Husband, challenges the trial court’s order denying his motions to enforce an attorney’s fee award entered against Maureen A. Coppola, the Former Wife, who makes no appearance in this appeal. The Former Husband also challenges the trial court’s subsequent denial of his motion for rehearing. We reverse.
The parties’ marriage was dissolved by final order entered August 29, 2000. Subsequently, the Former Husband experienced a material change in circumstances which resulted in the trial court’s reducing his alimony obligation to $1 per month in June 2009 retroactive to January 2007. As a result of the ongoing litigation between the parties, on December 18, 2009, the trial court entered an order adopting the general magistrate’s report and recommendation ordering the Former Wife to pay $31,163.36 of the Former Husband’s attorney’s fees. That report and recommendation specifically stated as follows:
The former husband’s request for an award of attorney’s fees and costs is hereby granted and the former wife shall, within thirty (30) days of this order, pay to the former husband $31,163.36. Payment shall be made to the former husband’s legal counsel at the address set forth within the certificate of service below.
Since the entry of the December 18, 2009, order, the Former Husband has filed numerous pleadings seeking the payment of the $31,163.36 in attorney’s fees, as well as roughly $14,000 he alleges he overpaid in alimony during the time that his petition to modify his alimony obligation was pending. In June 2011, the trial court held a hearing on these motions. The record before us does not include a transcript of that hearing, but on December 22, 2011, the court issued the order on *476 appeal. In the order, the trial court makes a factual finding that the report and recommendation upon which the December 18, 2009, attorney’s fee order was based “concluded that the [Former] Wife should pay direct to the Former Husband’s legal counsel the amount of $31,163.36. The judgment was not in favor of the Former Husband; rather, it was in favor of his attorneys.” Based on this factual finding, the court concluded that “[t]he Former Husband has no standing or right to collect a judgment for fees that was ordered to be paid directly to his attorneys.” We do not agree.
While the report and recommendation does direct that the payment should be sent to the Former Husband’s attorney’s office, it also plainly states that “the former husband is hereby awarded ... $31,163.36” and that “the former wife shall, within (30) days of this order, pay to the former husband $31,163.36.” The findings of fact included in the report and recommendation further support that the award was made to the Former Husband. The general magistrate found that the Former Husband was seeking $60,000 in fees, that roughly $55,000 in fees was a reasonable attorney’s fee, and that the Former Husband already had paid approximately $49,295 in fees to his own attorney.[1] Based on these findings, only approximately $5000 was due the attorney. As such, the record before us does not support the trial court’s finding that the fee award imposed against the Former Wife was to be paid directly to the Former Husband’s attorney. See generally Thorpe v. Myers, 67 So.3d 338, 341 (Fla. 2d DCA 2011) (“We defer to the circuit court’s findings of fact when they are based on competent, substantial evidence.”).
We note that the order on appeal does not address the Former Husband’s argument that the Former Wife owes him $14,000 in alimony overpayments. However, the record before us does not include a judgment in this amount in favor of the Former Husband. It appears that the general magistrate’s report and recommendation modifying the Former Husband’s alimony obligation did so retroactively to the date he filed the petition. However, the trial court’s order adopting the report and recommendation merely states that it “ratifie[s] and approve[s]” the general magistrate’s report and “adopts each and every finding and recommendation contained” in the report. Based on the record before us, no judicial determination has been made that the Former Husband ever overpaid on his alimony obligation or in what amount. On November 24, 2010, the trial court did enter a Stipulated Order Granting Motion for Money Judgment, Motion to Void Orders, and Motion for Contempt and to Compel Production in which it acknowledged a $13,982 alimony overpayment. However, on July 25, 2011, the trial court entered an order setting aside that stipulated order. On appeal, this court affirmed the July 25, 2011, order setting aside the stipulated order. See Coppola v. Coppola, 94 So.3d 590 (Fla. 2d DCA 2012) (table decision). As such, there is currently no judgment to enforce with regard to an alimony overpayment.
Because the trial court’s factual finding that the fee award was made directly to the Former Husband’s attorney and not to the Former Husband is not supported by the record, we reverse and remand for the trial court to consider the merits of the *477 Former Husband’s motions to enforce the attorney’s fee award.
Reversed and remanded.
MORRIS and BLACK, JJ., Concur.

. The general magistrate also made the specific finding that the Former Husband had the need and the Former Wife had the ability to pay half of the Former Husband's attorney’s fees.