NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MELINDA WHITE,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )         Case No.  2D13-5473
                                        )
GUARDIANSHIP OF GARY L. LUBIN,          )
                                        )
            Appellee.                   )
                                        )
_____ )

Opinion filed November 21, 2014.

Appeal from the Circuit Court for Polk
County; Mark F. Carpanini, Judge.

Keith D. Miller of Boswell & Dunlap LLP,
Bartow, for Appellant.

No appearance for Appellee.


WALLACE, Judge.

            Melinda White, a professional guardian, challenges the circuit court's order

granting her petition for fees and costs in part and denying it in part.[1]  Because the

circuit court's order denied Ms. White any compensation for certain services that she

_____

            [1]Ms. White also argues that the circuit court erred in entering a separate
order declaring the ward's sister to be an interested party in the guardianship
proceedings.  This argument is without merit and does not warrant further discussion.

was required to perform on behalf of her ward, we reverse the circuit court's order in part.

## I. THE FACTUAL AND PROCEDURAL BACKGROUND

Ms. White is a professional guardian. The ward, Gary L. Lubin, is an incapacitated adult. On January 3, 2011, the circuit court appointed Ms. White as the emergency temporary guardian of the person and property of Mr. Lubin. The circuit court appointed Ms. White as the plenary guardian of the person and property of Mr. Lubin on March 7, 2011.

After Ms. White's appointment, she learned that Mr. Lubin had only minimal assets. He qualified for Medicaid, and his monthly income was barely sufficient to pay his expenses. As a result, Ms. White served as Mr. Lubin's guardian without compensation for approximately three years.

In 2013, Ms. White received on behalf of Mr. Lubin a check for approximately $22,000. The receipt of the $22,000 was apparently unexpected. The funds represented the proceeds of the settlement of Mr. Lubin's claim that had been pending for many years.

In September 2013, Ms. White filed a petition for her fees and costs covering the period from November 30, 2010, through August 21, 2013. She petitioned the court for the payment of fees of $16,032, representing 267.2 hours of her time billed at her regular rate of $60 per hour and $894.12 in expenses for mileage, copies, and faxes. Ms. White tentatively planned to use the balance of the $22,000 to pay for the services of her attorney and to set aside sufficient funds for Mr. Lubin's burial. See Fla.

Admin. Code r. 65A-1.712(2)(d) (2013) (excluding amounts designated for burial funds from an individual's available resources for Medicaid qualification purposes).

Ms. White testified at a hearing on her petition and was questioned by the court.  No one objected to the amount of the fees and costs requested by Ms. White.  Mr. Lubin's sister consented to the entry of an order authorizing the payment of the fees and costs requested.  After the hearing, the circuit court granted Ms. White's petition but disallowed 31.9 hours of her charges for time spent "reviewing and paying invoices," resulting in a reduction of her requested compensation in the amount of $1914.  The circuit court also reduced the amount claimed for costs in the amount of $134.40 based on its determination that Ms. White's charges for copying and faxes were excessive.

## II.  FRAMING THE ISSUE

On appeal, Ms. White does not challenge the reduction in her claimed expenses, but she does challenge the circuit court's refusal to award her any compensation for her time devoted to reviewing and paying Mr. Lubin's bills.  Our review of the record supports Ms. White's claim that the circuit court appears to have disallowed all of her time entries for this particular activity.  Thus the issue presented is whether the circuit court erred in denying Ms. White any compensation for the time she devoted to reviewing and paying the ward's bills.

## III.  DISCUSSION

"The amount of guardian's fees to be awarded as compensation for services rendered is in the discretion of the trial court, and its determination will not be disturbed unless there is a lack of competent, substantial evidence to support the award."  In re Guardianship of Sapp, 868 So. 2d 687, 693 (Fla. 2d DCA 2004).  A

- 3 -

guardian is entitled to a reasonable fee for services rendered. § 744.108(1), Fla. Stat. (2013).

> In seeking such fees, the guardian has the burden to establish through appropriate proof that the services claimed were actually performed *and* that the fees claimed for those services are reasonable. Based on that proof, the probate court has the discretion to determine the amount of the fees to which the guardian is reasonably entitled. This discretion includes the ability to rely on common sense and experience to adjust the time claimed for common or routine tasks. It also includes the discretion to deduct time claimed by a guardian for noncore, delegable tasks that are better performed by others and to deduct excess time claimed due to the guardian's own inefficiency because such time is not expended for the benefit of the ward.

In re Guardianship of Shell, 978 So. 2d 885, 889 (Fla. 2d DCA 2008) (citations omitted).

Obviously, as plenary guardian of the property, Ms. White was required to examine, approve, and pay Mr. Lubin's bills. Some portion of her time must be properly chargeable for this task. A guardian is required by statute to account for and keep records of all disbursements made on behalf of the ward. § 744.3678(2), (3). In addition to the duty of paying the bills, the guardian has record-keeping responsibilities regarding that function:

> The guardian must obtain a receipt, canceled check, or other proof of payment for all expenditures and disbursements made on behalf of the ward. The guardian must preserve all evidence of payment, along with other substantiating papers, for a period of 3 years after his or her discharge.

§ 744.3678(3). The guardian's duties and responsibilities in this regard are substantial; they cannot be disregarded as trivial busy-work. Examining invoices, approving their payment, making the payment, and retaining the required records is part of the job of

the guardian of the property. The guardian must be paid something for the work that he or she was appointed to perform and is required by law to perform.

Accordingly, the circuit court abused its discretion by arbitrarily reducing Ms. White's charges by the entire amount charged over nearly a three-year period for review and payment of the ward's invoices. We do not hold that the entire amount disallowed must be awarded, but some compensation is due to Ms. White for the work that the court appointed her to do and that she is required by law to do. See Thorpe v. Myers, 67 So. 3d 338, 343-44 (Fla. 2d DCA 2011) ("To the extent that the services of a guardian are unnecessary or unproductive, the circuit court may reduce the requested compensation based on the factors listed in section 744.108(2) but may not deny compensation altogether.").

## IV. CONCLUSION

For the foregoing reasons, we affirm the circuit court's order to the extent that it awarded Ms. White compensation of $16,032 and expenses of $894.12. We reverse the order to the extent that it denied her any compensation for her time devoted to reviewing and paying Mr. Lubin's invoices. On remand, the circuit court shall reconsider the petition and award Ms. White reasonable compensation for these services. We also affirm the circuit court's order designating Mr. Lubin's sister as an interested person in the guardianship proceedings.

In closing, we note that Ms. White, to her credit, expended her time and resources on behalf of Mr. Lubin for almost three years without the expectation of receiving any compensation. The guardian's receipt of the $22,000 on behalf of Mr. Lubin was a windfall. Ms. White is apparently committed to serving as Mr. Lubin's

- 5 -

guardian until the guardianship terminates as a result of his death. It is unlikely that she will receive any compensation for these additional services or that she will be reimbursed for the additional expenses that she incurs on Mr. Lubin's behalf. We think that the circuit court should take all of the factors surrounding Ms. White's service into account when it reconsiders her petition for compensation on remand. See § 744.108(2).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

DAVIS, C.J., and SLEET, J. Concur.