IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

November 18, 2016

In re Guardianship of Robert E. Beck, )
Deceased. )
_____ )
)
KENNETH E. KEMP, II, and JERALD )
J. CHLIPALA, )
)
Appellants, )
)
v. )      Case No. 2D15-239
)
DON R. BERSCHBACK, as Trustee of )
the Robert E. Beck Trust, )
)
Appellee. )
_____ )

BY ORDER OF THE COURT:

Appellant's motion for rehearing of opinion and order on appellate fees is

stricken. Appellant's amended motion for rehearing of opinion and amended motion for

order on appellate fees are granted. The opinion and order on attorney fees issued on

August 10, 2016, are withdrawn, and the attached opinion and order on fees and

sanctions are issued in its place. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

_____
MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In re Guardianship of Robert E. Beck, )
Deceased. )
_____ )
 )
KENNETH E. KEMP, II, and JERALD )
J. CHLIPALA, )
 )
Appellants, )
 )
v. ) Case No. 2D15-239
 )
DON R. BERSCHBACK, as Trustee of )
the Robert E. Beck Trust, )
 )
Appellee. )
_____ )

Opinion filed November 18, 2016.

Appeal from the Circuit Court for Lee
County; Alane C. Laboda, Judge.

Robert L. Donald of Law Office of Robert
L. Donald, Fort Myers, for Appellant
Kenneth E. Kemp, II; and Jerald J.
Chlipala, Fort Myers, for Appellant Jerald
J. Chlipala.

Scott A. Beatty and C. Richard Mancini of
Henderson, Franklin, Starnes & Holt, P.A.,
Bonita Springs, for Appellee.


SALARIO, Judge.

Kenneth E. Kemp, II, and Jerald Chlipala appeal a final order denying their applications for attorney's fees and costs in this guardianship case. The issue presented is whether section 744.108(1), Florida Statutes (2013), authorizes an award of fees and costs incurred by counsel for an emergency temporary guardian and counsel for a ward who was the subject of the emergency temporary guardianship when there was no later determination that the ward was actually incapacitated and, as a result, no later appointment of a plenary or limited guardian. Relying on our decision In re Guardianship of Klatthaar, 129 So. 3d 482 (Fla. 2d DCA 2014), the trial court held that section 744.108(1) does not authorize an award in such circumstances. We conclude that the trial court misapprehended the statutory text and our decision in Klatthaar; accordingly, we reverse as explained below and remand for proceedings consistent with this opinion.

I.

On March 24, 2014, Nancy Gribler filed a verified petition seeking the appointment of a guardian of the person and property of Robert Edward Beck. The petition alleged that Mr. Beck, then ninety-one years old, was incapacitated due to dementia and that a plenary guardian was needed to manage his person and property. That petition set in motion a process specified in the Florida Guardianship Law, §§ 744.101-.1098, to arrive at a judicial determination of whether Mr. Beck was incapacitated and, if so, to appoint a guardian for such purposes as the trial court found necessary in light of the basis for any determination of incapacity. Section 744.331 sets forth the statutory procedures for determining whether a person alleged to be incapacitated is in fact incapacitated, including procedures for the appointment of

counsel for the alleged incapacitated person, the appointment of an examining committee to report to the court on whether the person is incapacitated, and the payment of fees and costs for court-appointed counsel to the alleged incapacitated person and for the members of the examining committee.

Upon a determination of incapacity in accord with section 744.331, the trial court may appoint a plenary or a limited guardian. See §§ 744.102(9)(a), (b), .3371, .344. A plenary guardian is authorized to exercise all delegable powers of the incapacitated person, while a limited guardian is authorized to exercise only those powers specifically delineated in a court order. See § 744.102(9)(a), (b).

Simultaneously with her petition for appointment of a plenary guardian, Ms. Gribler filed a verified petition seeking appointment of an emergency temporary guardian. Under the Florida Guardianship Law, a trial court may appoint an emergency temporary guardian for the person or property of a person alleged to be incapacitated before the statutory process for determining incapacity and appointing a guardian just described has been completed. § 744.3031(1). Before appointing an emergency temporary guardian, the trial court must find that there is imminent danger to the health or safety of the alleged incapacitated person or that his or her property is in danger of being wasted, misappropriated, or lost. Id. An emergency temporary guardianship lasts for ninety days, subject to extension, or until the appointment of a guardian, whichever happens first. § 744.3031(3).

Ms. Gribler's petition for appointment of an emergency temporary guardian averred that Mr. Beck's health, safety, and property were endangered because Mr. Beck was incapacitated, his live-in caretaker had moved out, and no replacement caretaker

had been hired. It also alleged that appellee Don R. Berschback, the trustee of Mr. Beck's living trust and his health care surrogate, checked in on Mr. Beck only infrequently because Mr. Berschback resided in Michigan. Ms. Gribler further alleged that Mr. Berschback was attempting to move Mr. Beck from his residence in Lee County against his will and that Mr. Beck had not received any accountings with respect to the $15,000,000 living trust of which Mr. Berschback was trustee.

The trial court considered the petition ex parte and thereafter entered an order appointing Virginia C. Yates the emergency temporary guardian of Mr. Beck's person and property. Mr. Berschback subsequently appeared in the case and made an emergency motion to remove Ms. Yates and to terminate the temporary guardianship. The trial court denied that motion without prejudice on May 8, 2014.

On June 3, 2014, Mr. Beck passed away. The parties agree that his death rendered moot any further proceedings with respect to a determination of whether he was incapacitated or whether a plenary guardian should be appointed.

Thereafter, three petitions seeking reimbursement for attorney's fees and costs were filed with the trial court: (1) a petition by Mr. Kemp seeking reimbursement for services provided to Ms. Gribler as petitioner; (2) a petition by Mr. Kemp seeking reimbursement for services rendered to Ms. Yates as emergency temporary guardian for Mr. Beck; and (3) a petition by Mr. Chlipala, who represented Mr. Beck, seeking reimbursement for services rendered in representing him. Each petition was amended and, as amended, alleged entitlement to an award of fees and costs under section 744.108(1) or, alternatively, a theory of unjust enrichment. Mr. Berschback filed objections to the petitions asserting that no statute authorized the trial court to award

- 4 -

fees and costs incurred prior to a determination that Mr. Beck was incapacitated and the appointment of a plenary or limited guardian, which never occurred in this case. He also asserted that recovery could not be had by way of unjust enrichment and that any fees and costs should be paid by Ms. Gribler, rather than Mr. Beck's estate, because she allegedly filed the petition for appointment of a guardian in bad faith. Mr. Berschback reserved the right to contest the reasonable amount of fees and costs in the event the trial court found that Mr. Kemp and Mr. Chlipala were entitled to such an award.

After a hearing, the trial court entered a final order denying the petitions. It held that section 744.108(1) did not permit an award of fees and costs to Mr. Kemp or Mr. Chlipala because the statute is "limited to situations where a judicial determination of incapacity is found by the court . . . and an appointment of a [plenary or limited] guardian over a ward is ordered." It reasoned that this conclusion was required by our decision in <u>Klatthaar</u>. The trial court further held that a claim for unjust enrichment cannot be used to recover fees and costs where there is no statutory or contractual authority for such an award. Because its holdings that Mr. Kemp and Mr. Chlipala lacked a legal basis to recover fees and costs disposed of their petitions, the trial court did not address Ms. Gribler's alleged bad faith filing or the appropriate amount of fees.

II.

Mr. Kemp and Mr. Chlipala have not raised any issue concerning the trial court's disposition of their claim for unjust enrichment. <u>See</u> Fla. R. App. P. 9.210(b)(5) (requiring parties to brief each appellate issue); <u>see also</u> <u>Weaver v. Weaver</u>, 95 So. 3d 1029, 1030 (Fla. 2d DCA 2012) (deeming unbriefed issues abandoned). We therefore

- 5 -

address only whether section 744.108(1) authorizes an award of fees and costs associated with an emergency temporary guardianship where, as here, there is ultimately no judicial determination of incapacity and, as a result, no appointment of a plenary or limited guardian.  This appears to be a question of first impression.[1] Because resolution of the question hinges on the construction of section 744.108(1), our review is de novo.  McDade v. State, 154 So. 3d 292, 297 (Fla. 2014).

The starting point for our analysis is the text of section 744.108(1).  See State v. Burger, 921 So. 2d 847, 848 (Fla. 2d DCA 2006) (explaining that statutory construction "begins by examining the statutory language").  That statute, which creates a right to fees and costs for certain parties in guardianship cases, provides as follows:

> A guardian, or an attorney who has rendered services to the ward or to the guardian on the ward's behalf, is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward.

§ 744.108(1).  The issue is whether the petitioners in this case fall into any one of the three categories of people—a guardian, an attorney who has rendered services to the

---

[1]The parties have not cited, and we have not uncovered, any decision addressing the question presented by the trial court's order.  Other decisions have presumed, however, that fees under section 744.108(1) would be available in such circumstances.  See, e.g., In re Guardianship of Snell, 915 So. 2d 709, 710 (Fla 1st DCA 2005) (reversing order awarding fees to emergency temporary guardian under section 744.108(1) in case where there was no determination of incapacity based on discrepancies in the order but without questioning that the emergency temporary guardian was entitled to fees under the statute); In re Guardianship of Schoyann, 637 So. 2d 81, 82 (Fla. 4th DCA 1994) (reversing order awarding fees to emergency temporary guardian and counsel where there was no determination of incapacity because "[a]lthough section 744.108, Florida Statutes (1992)[,] entitles the attorney and guardian to a reasonable fee, such a fee would not include fees for services that appellee was enjoined from providing" (emphasis added)).

ward, or an attorney who has rendered services to the guardian on the ward's behalf—entitled to attorney's fees or cost reimbursement under this statute.

A.

We first examine the status of Mr. Kemp in his capacity as counsel for Ms. Yates. We hold that, in that capacity, he was an attorney who rendered services to the guardian and is entitled to fees and costs to the extent that his services were rendered in connection with the guardian's activities "on behalf of [a] ward." § 744.108(1).

Ms. Yates was the emergency temporary guardian appointed by the court to manage Mr. Beck's person and property. The fact that the statutory title of Ms. Yates's appointment is "emergency temporary guardian" on its face appears to establish that unless or until a plenary or limited guardianship is established or the emergency temporary guardianship expires, Ms. Yates is a guardian as described in section 744.108(1). Cf. § 744.3031 (establishing an emergency temporary guardianship in part III of chapter 744 as a type of guardianship); Barrier v. JFK Med. Ctr. Ltd. P'ship, 169 So. 3d 185, 190 (Fla. 4th DCA 2015) (explaining that an emergency temporary guardian "assumes a guardianship over a person not yet declared to be incapacitated and in need of a guardian"); Faulkner v. Faulkner, 65 So. 3d 1167, 1169-70 (Fla. 1st DCA 2011) (holding that an emergency temporary guardian is a guardian for purposes of the attorney's fee provisions of section 744.331(7)). Mr. Berschback argues, however, that the term "guardian" in section 744.108(1) can refer only to a guardian appointed upon a determination of incapacity and not to an emergency temporary guardian appointed prior to such a determination. We disagree.

- 7 -

Section 744.102(9) defines the term "guardian" for purposes of the Florida Guardianship Law as "a person who has been appointed by the court to act on behalf of a ward's person or property, or both." We see no indication in section 744.108(1), or in chapter 744 generally, that the term "guardian" in section 744.108(1) means anything different from the meaning given by the statutory definition. Thus, regardless of whether Ms. Yates is a guardian appointed upon a determination of incapacity, she is a guardian for the purposes of section 744.108(1) if she (1) is a person appointed by the court (2) to act on behalf of the person or property (3) of a ward.

The first two elements are unquestionably present here. Ms. Yates was appointed by the trial court, and the trial court's order, consistent with the emergency temporary guardianship statute, appointed Ms. Yates to "act on behalf of" Mr. Beck's "person or property." The only question, then, is whether Mr. Beck was a ward within the meaning of the statutory definition of the term "guardian."

Section 744.102(22) defines the term "ward" as "a person for whom a guardian has been appointed." While that definition may be useful for other purposes, it does not help answer the question of whether an emergency temporary guardian is a guardian as defined by section 744.102(9); saying that a ward is a person for whom a guardian has been appointed provides no useful information when the purpose of consulting the definition of ward is to determine whether a particular class of persons—here, emergency temporary guardians—is a guardian.

We think it clear, however, that the legislature included the person subject to an emergency temporary guardianship within the definition of ward. The current statutory definition of the term "ward" and the emergency temporary guardianship

statute were both created by the same 1989 legislative enactment.  See generally ch. 89-96, §§ 4, 19, Laws of Fla.  The emergency temporary guardianship statute unambiguously states that the person subject to an emergency temporary guardianship is a ward.  It authorizes the court to enter orders to protect "the person who is the ward of the emergency temporary guardianship."  § 744.3031(4) (emphasis added).  It requires an emergency temporary guardian for property to "account [for] the receipts and disbursements of all the property of the ward."  § 744.3031(8)(b) (emphasis added).  And it requires a temporary emergency guardian of the person to report on, among other things, the "medical condition, mental health[,] and . . . social condition of the ward."  § 744.3031(8)(c) (emphasis added).  The understanding of the term "ward" conveyed by the same enactment that defined that term is thus that the term includes a person who is subject to an emergency temporary guardianship.[2]

The understanding that the person subject to an emergency temporary guardianship is a ward is also the one shared by the cases that have considered the

_____

[2]In looking to the understanding of a person subject to an emergency temporary guardianship conveyed by section 744.3031, we acknowledge that we are looking to statutory context and not the ordinary, everyday meaning of the term "ward." We do so because the statute clearly demonstrates that whatever the ordinary meaning of ward is, when that term is used in section 744.102(22), it includes a person subject to an emergency temporary guardianship. See Green v. State, 604 So. 2d 471, 473 (Fla. 1992) ("[W]e give statutory language its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature."); State, Dep't of Health & Rehab. Servs. v. McTigue, 387 So. 2d 454, 456 (Fla. 1st DCA 1980) (explaining that a court looks to the ordinary meaning of an undefined term, "unless the wording of the statute or the context requires otherwise"). Moreover, notwithstanding the fact that the statutory definition of ward is unhelpful to resolving this case, it remains a defined term, and the ordinary meaning of that term is even broader than the definition the legislature gave it. Compare § 744.102(22) (defining ward only as "a person for whom a guardian has been appointed"), with Webster's Third New Int'l Dictionary (1986) (defining "ward," inter alia, as "a person who is under guard, protection, or surveillance").

relationship between an emergency temporary guardian and the person subject to such a guardianship. In Faulkner, for example, the First District considered whether fees incurred by an examining committee evaluating the alleged incapacity of a person placed in an emergency temporary guardianship were reimbursable under the fee award provision of section 744.331(7). 65 So. 3d at 1168. The court observed that there is a gap in section 744.331(7) in that it provides that fees and costs incurred by members of an examining committee or counsel for an alleged incapacitated person are to be paid from "property of the ward" and that there would be no property of the ward from which to pay such fees and costs unless the person alleged to have been incapacitated was made a ward by the appointment of a guardian—leaving members of an examining committee or counsel for an alleged incapacitated person out of luck if no guardian is appointed. Id. at 1169. The court reasoned that the gap was not a problem for the examining committee in the case before it, however, because an emergency temporary guardian had been appointed. It held that the alleged incapacitated person was "a ward during the pendency of the incapacity proceeding because an emergency temporary guardian was appointed for her." Id. (citing § 744.102(22)).

The understanding that the person subject to an emergency temporary guardianship is a ward is shared by other judicial decisions and the Florida Rules of Probate. See generally Fla. Prob. R. 5.648(e), (f); Barrier, 169 So. 3d at 190 (concluding that an emergency temporary guardian's "powers should be limited to only those that are necessary to protect the ward's interests"); Jasser v. Saadeh, 97 So. 3d 241, 248 (Fla. 4th DCA 2012) ("[W]hen the court conferred the ward's rights on the [emergency temporary guardian], it removed them from the ward . . . ."). In contrast,

- 10 -

we have been unable to locate any authority saying that the person subject to an emergency temporary guardianship should be regarded as something other than a ward.

Mr. Berschback contends that the person subject to an emergency temporary guardianship is regarded by the Florida Guardianship Law as an alleged incapacitated person and not as a ward. See § 744.3031(1) ("A court, prior to appointment of a guardian but after a petition for determination of incapacity has been filed . . . , may appoint an emergency temporary guardian for . . . an alleged incapacitated person."). Although Mr. Berschback is correct that the person subject to an emergency temporary guardianship is an alleged incapacitated person, it does not follow that an alleged incapacitated person for whom an emergency temporary guardian is appointed is not also a ward of that emergency temporary guardian. The person is an alleged incapacitated person in that he or she has been alleged by a petitioner to be incapacitated and the question of incapacity has not yet been judicially determined. See Barrier, 169 So. 3d at 190 (explaining that an emergency temporary guardian "assumes a guardianship over a person not yet declared to be incapacitated and in need of a guardian"). He or she is also a ward if an emergency temporary guardianship is established because a court order appointing an emergency temporary guardian creates that relationship between the two parties. See Faulkner, 65 So. 3d at 1169-70. The terms "alleged incapacitated person" and "ward" thus serve different purposes— one related to the judicial determination of capacity, the other related to the relationship to the emergency temporary guardian and the person he or she protects—and we see no inconsistency in their simultaneous application to the same person in circumstances

- 11 -

where an alleged incapacitated person has been made a ward by virtue of the appointment of an emergency temporary guardian.

Having concluded that a person subject to an emergency temporary guardianship is a ward, it follows that the emergency temporary guardian is a guardian as described in section 744.108(1) when an emergency temporary guardianship is at issue and that counsel to such a person is "an attorney who has rendered services to . . . the guardian" within the meaning of that same statute. As such, an attorney for the emergency temporary guardian is entitled under that statute to recover fees and costs even where, as here, the ward is not later determined by the court to be incapacitated and a plenary or limited guardian is not appointed.

In reaching the opposite conclusion, the trial court found our decision Klatthaar controlling. In Klatthaar, we considered whether counsel appointed by the court pursuant to section 744.331 to represent an alleged incapacitated person in a proceeding to determine capacity was entitled to fees under section 744.108(1) where the alleged incapacitated person had died before the capacity determination could be made. 129 So. 3d at 484-85. The petitioner in that case sought the appointment of an emergency temporary guardian pending a capacity determination, but the trial court denied that request. Id. at 483. We reversed the trial court's order awarding fees and costs, holding that "since a guardianship was never established and a guardian was thus not appointed, section 744.108 is not triggered in this case." Id. at 485. We observed that section 744.108 does not authorize an award of fees to court-appointed counsel for an alleged incapacitated person because that term is not used in that statute, although the term "incapacitated person" is used in various sections. Id. at 485.

- 12 -

We also explained that both a guardian and a ward must exist before fees and costs may be awarded under section 744.108(1).[3] Id. at 486.

Klatthaar is not applicable here. The trial court in Klatthaar denied the petitioner's request for a temporary emergency guardian, and the alleged incapacitated person died before the trial court could decide whether to appoint a plenary or limited guardian. Id. at 483. Because no guardian of any type was ever appointed, there was never a ward that was represented by the court-appointed lawyer. There was only an alleged incapacitated person that the lawyer was appointed to represent for purposes of the capacity determination, and no determination of capacity was ever made. Under no interpretation of section 744.108(1) would the court-appointed lawyer have been entitled to a fee because under no interpretation could the lawyer have been deemed to represent either a guardian or a ward. The Klatthaar court thus had no occasion to consider how the terms "guardian" and "ward" in section 744.108(1) apply to a temporary emergency guardianship. That question simply was not presented.[4]

---

[3]Klatthaar also held that the attorney for the alleged incapacitated person and the members of an examining committee were not entitled to fees and costs under section 744.331(7) due to the statutory gap described in Faulkner. 129 So. 3d at 484-85; see also In re Steiner, 159 So. 3d 253, 254-55 (Fla. 2d DCA 2015) (same). This aspect of Klatthaar is not relevant to this case, however, because neither Mr. Kemp nor Mr. Chlipala sought fees under section 744.331(7).

[4]Mr. Berschback points to a statement in Klatthaar that "the one underlying consistency in the case law pertaining to fee awards under section 744.108 is that the alleged incapacitated person was adjudicated as such, thus becoming a ward," 129 So. 3d at 486, and characterizes it as a holding that there must always be an adjudication of incapacity before fees may be awarded. That characterization ignores the fact that Klatthaar involved circumstances in which the only way a ward could exist was upon a determination of incapacity and the appointment of a guardian; incapacity was the basis for the petition, and the trial court denied appointment of an emergency temporary guardian. Whether fees could be awarded upon the appointment of an emergency temporary guardian was not at issue. Neither Klatthaar nor the cases it

- 13 -

This case, however, does present that question, and we hold that in the context of an emergency temporary guardianship, the emergency temporary guardian is a guardian and the subject of the guardianship is the ward for purposes of section 744.108(1). The trial court's conclusion that Mr. Kemp, as counsel to the emergency temporary guardian, Ms. Yates, was not entitled to fees and costs simply because no plenary or limited guardian was appointed was thus in error, and we therefore reverse. On remand, the trial court should determine the extent to which the fees and costs incurred by Mr. Kemp while representing Ms. Yates are compensable under section 744.108(1), the reasonable amount of any such fees and costs, and the factual and legal merits, if any, of the bad faith issue raised by Mr. Berschback.

B.

Mr. Kemp's service as counsel to Ms. Gribler as petitioner is a different matter. Ms. Gribler was, under the facts of this case, solely a petitioner seeking a determination of incapacity and the appointment of a guardian for an alleged incapacitated person. Even though an emergency temporary guardian was appointed, Ms. Gribler was never a guardian or a ward under section 744.108(1). Mr. Kemp's representation of Ms. Gribler was thus not, under the plain language of the statute, directed toward the categories of persons—either guardian or ward—covered by section 744.108(1). We recognize, however, that in Thorpe v. Myers, 67 So. 3d 338, 345 (Fla. 2d DCA 2011), our court held that counsel to such a petitioner might be entitled to fees to the extent that the petitioner's request for the determination of incapacity and the

cited held, stated, or implied that section 744.108(1) prohibited an award of fees where an emergency temporary guardian was appointed but no subsequent determination of incapacity was made.

- 14 -

appointment of the guardian redounds to the benefit of the ward—a party recognized under the statute.

The trial court denied all of the fee requests in this case based upon its erroneous conclusion that the statute could not apply unless and until Mr. Beck was determined to be incapacitated and a plenary or limited guardian was appointed. The trial court thus never had occasion to consider whether Mr. Kemp's services to Ms. Gribler as petitioner benefitted Mr. Beck as the ward of the emergency temporary guardianship. See Thorpe, 67 So. 3d at 345 ("[T]he attorney's entitlement to payment of reasonable fees and costs is subject to the limitation that his or her services must benefit the ward.").[5] Accordingly, we reverse the denial of Mr. Kemp's fee request made for his representation of Ms. Gribler and remand for the trial court to consider whether any portion of that representation benefitted the ward—a category of represented person for which fees might be awarded under section 744.108(1)—such that he might be entitled to seek fees under the statute.

C.

Last, we address Mr. Chlipala's petition for fees and costs incurred in representing Mr. Beck. As stated earlier in this opinion, as soon as Ms. Yates was

_____

[5]Unlike here, where the proceedings were interrupted by the death of the ward, the ultimate determination of incapacity and guardianship in Thorpe was completed. The benefit to the ward from the filing of the petitions by her children, and the resulting entitlement to some portion of fees for those services, was therefore deemed "unquestionable" under the facts of that case. 67 So. 3d at 345. However, we note that in Butler v. Guardianship of Peacock, 898 So. 2d 1139, 1141 (Fla. 5th DCA 2005), the case on which Thorpe relied, the ward's daughter sought to be appointed instead of an independently appointed temporary guardian. Because this petition was ultimately denied, the fees sought were determined to be for services that were not for the benefit of the ward under the facts of that case. 898 So. 2d at 1141.

- 15 -

appointed as Mr. Beck's emergency temporary guardian, Mr. Beck became a ward. Under section 744.108(1), an attorney rendering services to a ward is entitled to an award of fees and costs incurred in that representation. It was error for the trial court to decide that Mr. Chlipala was not entitled to fees and costs under section 744.108(1) solely because Mr. Beck died before his capacity was judicially determined and before a plenary or limited guardian was appointed.

Mr. Berschback argues, however, that Mr. Chlipala was appointed by the trial court pursuant to section 744.331 and that his entitlement to fees and costs must arise, if at all, exclusively from section 744.331(7)—a statute under which Mr. Chlipala never sought fees and costs. We are unable to resolve this argument because our record does not disclose the purpose for which Mr. Chlipala was appointed or the services the trial court contemplated he would provide. Further, after this case was argued, Mr. Berschback filed a notice of suggestion of Mr. Chlipala's death, and no party has filed a motion for substitution. See Fla. R. App. P. 9.360(c)(3). On remand, the trial court should determine whether there is a basis to proceed with respect to Mr. Chlipala in keeping with this opinion and in relation to his subsequent death.

III.

In sum, we hold that even where there is no ultimate determination of incapacity and no ultimate appointment of a plenary or limited guardian, counsel to an emergency temporary guardian and to the ward of such a guardianship are entitled to an award of fees and costs under section 744.108(1). We reverse the trial court's order insofar as it denied fees to Mr. Kemp in his capacity as counsel to Ms. Gribler, fees to Mr. Kemp in his capacity as counsel to Ms. Yates, and fees to Mr. Chlipala in his

- 16 -

capacity as counsel for Mr. Beck. We remand for such further proceedings as are described in and otherwise consistent with this opinion.

Reversed and remanded.


KHOUZAM and BADALAMENTI, JJ., Concur.