# Third District Court of Appeal

## State of Florida

Opinion filed July 8, 2015.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D13-1503
Lower Tribunal No. 06-4435

————————

## Gerald W. Pierre, Esq.,
Appellant,

vs.

## In Re:  Guardianship of Rodney Brown,
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Celeste Hardee Muir, Judge.

David Howard Goldberg, for appellant.

Sahr O. Dumbar, for appellee.

Before SUAREZ, C.J., and EMAS and SCALES, JJ.

SUAREZ, C.J.

Appellant Gerald W. Pierre appeals orders from the trial court on his applications for fees and costs in his capacity as successor guardian and successor

trustee of the person and property of the ward Rodney Brown. The history of the estate of the ward prior to Mr. Pierre's involvement is riddled with questionable actions and overreaching by the personal representative of the estate of the ward's mother, and with inordinately generous attorney fee awards to the initial guardian and trustee of the ward and his estate.

Appellant is the successor guardian of the ward's person and property. The ward was declared incapacitated in 2006, and was initially a ward of the Guardianship Program of Dade County. The prior guardian secured assets for the ward, including liquidating the ward's personal property, repairing a residence the ward had inherited from his mother, reducing the mother's funeral bill, and recovering compensation from entities that had paid a disbarred attorney who had allegedly stolen assets from the ward in his capacity as personal representative of the mother's estate. The prior guardian's actions resulted in a deposit of $150,000 into a trust for the ward. It appears from the record that the ward receives monthly disability income of $78.40 and rental income from the real property of $1,400.00. The ward pays an assisted living facility $1,000 per month.

In 2009, the trial court awarded the prior guardian $100,000 in fees. Appellant was appointed in January 2010, and was substituted as trustee of the trust set up for the ward's assets in November 2010, but did not have control over the estate until 2011. In 2011, the prior guardian filed an additional petition for

fees. After hearing, at which Appellant objected, the trial court awarded the prior guardian an additional $105,250.92 in fees and $1,800 in expert witness fees. The cumulative effect of the two fee awards was that virtually all of the liquid assets collected on behalf of the ward were paid out as attorney's fees to the prior guardian. The remainder of the ward's estate was comprised of only somewhere between $40,000 and $75,000 in cash and the home from which the ward collects his rental income.

After his appointment, Appellant initially advised the trial court that no income taxes would be owed in connection with the ward's assets, including from the rental property, but learned in 2012, that the initial personal representative for the mother's estate had not paid income tax obligations of the mother's estate or the real estate taxes on the property. Appellant learned that no tax returns for the ward had been filed since 2004.[1] An accounting firm hired by Appellant advised that for 2009, a return should have been prepared because the ward received income sufficient to result in a tax charge of approximately $60,000. Appellant then requested that tax returns for 2004-2008 be prepared so that losses from those years could offset the income for 2009. This resulted in a savings to the ward in

_____

[1] Payment of both the real estate and income taxes was the responsibility of the prior guardian once the property passed to the ward. The record does not reflect an explanation for the failure to timely make such payments.

3

that the taxes were reduced by $20,000; however, the accounting firm billed $10,000 for its time.

Subsequent to his appointment, Appellant twice sought fees and costs incurred in his capacity as guardian and trustee as well as the fees of the accounting firm. After several proceedings, the trial court entered orders which significantly reduced the amount of fees sought by Appellant.[2]

We review the fee awards under an abuse of discretion standard. Butler v. Guardianship of Peacock, 898 So. 2d 1139, 1141 (Fla. 5th DCA 2005). Under the unique circumstances of this case, we are unable to find that the trial court abused its discretion in determining the amount of the award of fees and costs to Appellant. While the orders include several findings of fact regarding Appellant's actions that do not appear to be supported by the record, those findings do not eliminate the propriety of the amount of fees awarded given the proportion of the ward's remaining estate which those fees represent, even though Appellant was in no way responsible for the reduced status of that estate. Consequently, we affirm the amount of the fees and costs awarded to Appellant. We also affirm the denial of Appellant's motion to disqualify the trial court.

Affirmed.

---

[2] The trial court also appointed another successor guardian and special needs trustee, but those appointments were not appealed.

4