DAUKSCH, Judge.
This is an appeal from an award of guardianship fees and costs. The order provides:
1. That the sum of $87,447.50 are reasonable fees for services rendered as guardian of the Ward and incurred expenses from May 05, 1988 through September 30, 1993.
2. That ELAINE J. DUNNING, as such guardian, is authorized and directed to pay the amount of $91,872.50 as guardian’s compensation and expenses to ELAINE J. DUNNING from the assets of the guardianship estate of NORMA S. JONES, and include such disbursement in the next annual accounting of this guardianship to be filed with this Court.
As can be seen, the order suffers internal conflict. Perhaps the first paragraph is the fees, exclusive of expenses, and the second paragraph includes expenses, thus the difference. That is not clear, however, so a new order citing record support should be entered.
*942 It is our determination that guardians of the estate, like personal representatives and lawyers seeking fees, should follow the guidelines set out in section 733.617(1), Florida Statutes (1987) and Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1146 (Fla.1985). See also In re Estate of Platt, 686 So.2d 328 (Fla.1981). In order to provide for meaningful appellate review the order awarding fees and expenses in all such cases, attorneys fees, personal representative fees and guardians fees, should specifically set out the record basis for the award and otherwise comply with the intent of Rowe, Platt and the statute. This should include an itemization of all awarded expenses.
The order is quashed and this cause remanded for a new hearing and order.
REVERSED and REMANDED.
HARRIS and ANTOON, JJ., concur.