PER CURIAM.
The Florida Highway Patrol (“FHP”) appeals the trial court’s ruling that James Chancelor has standing to challenge the forfeiture of $29,980.00, as well as the trial court’s granting of summary judgment in favor of Chancelor. We affirm the trial court’s finding that Chancelor has standing, but reverse the granting of summary judgment.
At a full evidentiary hearing to determine Chancelor’s standing as a claimant, the trial court heard testimony from Chancelor and his three witnesses concerning the source of the currency. The trial court found the witnesses to be credible and determined that Chancelor was the owner of the currency. We cannot now reassess that testimony.
“[I]t is the function of the trial court to evaluate and weigh the testimony ... [in order] to arrive at findings of fact”. Clegg v. Chipola Aviation, Inc., 458 So.2d 1186, 1187 (Fla. 1st DCA 1984). It is not the function of an appellate court to substitute its judgment for that of the trial court or to reweigh the evidence, absent a lack of substantial competent evidence. Lonergan v. Estate of Budahazi, 669 So.2d 1062, 1063 (Fla. 5th DCA 1996). Chancelor presented evidence that he owned the currency and that it most likely came from legitimate business ventures. Thus, there was competent evidence to support the trial court’s determination that Chancelor had standing.
However, the summary final judgment must be reversed. At the conclusion of the hearing to determine Chancelor’s standing, his attorney moved ore tenus for summary judgment regarding the forfeiture of the currency. This motion was not properly before the court as it deprived FHP of the requisite notice. See Fla. R.Civ.P. 1.510(c) (“The motion shall state with particularity the grounds upon which *1173 it is based and the substantial matters of law to be argued and shall be served at least 20 days before the time fixed for the hearing”.). We therefore reverse the granting of summary judgment and remand for a continuation of forfeiture proceedings.
Affirmed in part, reversed in part.