WALLACE, Judge.
Brad Sanford and Candice Fager (the former Co-Guardians of William Ansley, an incapacitated person) and Stephen M. Martin and Stephen M. Martin, P.A. (the attorney and law firm representing the former Co-Guardians-collectively, Mr. Martin), challenge an order authorizing the payment of $16,520 in attorney’s fees and costs to Mr. Martin as attorney for the former Co-Guardians. The order under review reduces the amount sought by Mr. Martin in his petition for attorney’s fees and costs. Because the order is internally inconsistent and lacks sufficient findings of fact to support the award, we reverse the order and remand for the entry of a new order on the petition.
I. THE FACTUAL BACKGROUND
Mr. Martin filed a petition seeking payment for services performed and expenses incurred on behalf of the former Co-Guardians between September 3, 2010, and April 25, 2011. He attached to his petition an itemized report detailing the tasks performed, the time and rate associated with each of the tasks, and the expenses incurred. Specifically, Mr. Martin sought payment for 54.48 hours of attorney time at $350 per hour, 20.33 hours of paralegal time at $125 per hour, and expenses in the amount of $114.64, for an asserted total of $21,694.52.[1] We note that the amount that Mr. Martin requested for approximately seven months’ work on this guardianship was substantial. However, a review of the record reveals that complications caused by various disputes and disagreements among the interested parties marked the administration of the guardianship. These complications required the performance of many services that otherwise would not have been necessary.
The circuit court held an evidentiary hearing on Mr. Martin’s petition. Mr. Martin testified that the court had previously accepted his hourly rate as reasonable. He testified further that the tasks he performed were necessary and reasonable. The attorney for the ward also testified to the reasonableness of Mr. Martin’s hourly rate. The attorney for the ward also observed that many of the services Mr. Martin had performed would not be necessary “in a normal functional guardianship.” She added that the services performed were required in this guardianship because the matter was unusually contentious.
Counsel for the successor guardian objected to the amount of the fees requested and cross-examined both Mr. Martin and the attorney for the ward. In cross-examination, counsel for the successor guardian questioned the necessity of several of the tasks for which Mr. Martin had billed and suggested that some of Mr. Martin’s services were of no benefit, and possibly detrimental, to the ward.
At the conclusion of the hearing, Mr. Martin submitted a proposed order to the circuit court. The circuit court did not rule immediately but took the matter under advisement. Later, the circuit court entered a written order granting the petition. The order entered was apparently the one submitted by Mr. Martin. The order recited, “[t]he Court finds that the amount of time set forth in the petition *713 and the hourly rate are reasonable under the circumstances and hereby approves each.” Specifically, the order finds “54.48 attorney hours at a rate of $850.00 per hour, 20.88 paralegal hours at the rate of $125.00 per hour, and expenses in the amount of $114.64” to be reasonable. By multiplying the hours approved by the applicable hourly rates and adding the expenses, we calculate a total of $21,723.89. However, the amount the court authorized the guardian to pay Mr. Martin is only $16,520.[2]
The amount that the circuit court authorized the guardian to pay Mr. Martin is obviously less than the sum supported by the findings in the order concerning the reasonable hourly rates, the time expended, and the expenses incurred. Undeniably, there is an internal inconsistency in the order; the amount of fees and expenses awarded does not equal the amount of fees and expenses that the circuit court found were reasonable.
II. THE LEGAL BACKGROUND
Section 744.108(1), Florida Statutes (2010), provides that “an attorney who has rendered services to the ward or to the guardian on the ward’s behalf, is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward.” However, an attorney’s entitlement to payment of reasonable fees and costs is subject to the limitation that his or her services must benefit the ward or the ward’s estate. King v. Fergeson, Skipper, Shaw, Keyser, Baron, & Tirabassi, P.A., 862 So.2d 873, 874 (Fla. 2d DCA 2003) (Villanti, J., concurring specially); Butler v. Guardianship of Peacock, 898 So.2d 1139, 1141 (Fla. 5th DCA 2005).
Section 744.108(2) lists a number of factors that the circuit court must consider in determining a reasonable fee, and section 744.108(5) requires that “[a]ll petitions for ... attorney’s fees and expenses must be accompanied by an itemized description of the services performed for the fees and expenses sought to be recovered.” See Anderson v. Sun Trust Bank/North, 679 So.2d 307, 308-09 (Fla. 5th DCA 1996) (reversing an order for guardian’s fees based upon a petition that did not include an itemized description of the services performed for the fees and expenses sought to be recovered). Significantly, “[i]n order to provide for meaningful appellate review[,] the order awarding fees and expenses in all such cases ... should specifically set out the record basis for the award and otherwise comply with the intent of Rowe, [3] Platt [,[4]] and the statute.” Jones v. Dunning, 661 So.2d 941, 942 (Fla. 5th DCA 1995). Generally, we review an award of fees for an attorney’s services in a guardianship for abuse of discretion. Butler, 898 So.2d at 1141; Gamse v. Touby, 382 So.2d 115, 116 (Fla. 3d DCA 1980). We defer to the circuit court’s findings of fact when they are based on competent, substantial evidence. State, Fla. Highway Patrol v. Forfeiture of Twenty Nine Thousand Nine Hundred & Eighty (29,980.00) in U.S. Currency, 802 So.2d 1171, 1172 (Fla. 3d DCA 2001).
III. THE ARGUMENTS ON APPEAL
On appeal, Mr. Martin argues that the circuit court abused its discretion in enter *714 ing the order under review. He points out that the evidence he submitted supported an award of the amount that he requested. Mr. Martin also points to the absence of any expert opinion testimony in the record upon which the circuit court could have relied in reducing the amount that he sought in his petition. Neither the attorney for the ward nor the successor guardian has filed a brief in support of the circuit court’s order.
IV. DISCUSSION
We note that Mr. Martin bore the burden of proving that the services he had performed benefitted the ward or the ward’s estate. See Butler, 898 So.2d at 1141. After the presentation of the evidence, the circuit court had discretion to determine the amount of fees to which Mr. Martin was reasonably entitled as long as the amount of the award was based on competent, substantial evidence. See id.; Gamse, 382 So.2d at 116. As noted above, the cross-examination of Mr. Martin and the attorney for the ward by the attorney for the successor guardian suggested that some of the services performed by Mr. Martin might not have benefitted the ward or the ward’s estate.
A comparison of the amount of the actual award in the order under review and the amount requested by Mr. Martin indicates that the circuit court intended to award less than the full amount sought in the petition. However, we do not know what led to the circuit court’s ruling. The above-noted internal inconsistency in the order results in the lack of any meaningful findings concerning the reasonable hourly rates and the number of hours compensated. The order also omits any statement of other factors that the circuit court considered in reducing the amount requested. These deficiencies make it impossible for this court to engage in meaningful appellate review of the order on appeal. See Jones, 661 So.2d at 941-42 (noting that an internal conflict in the circuit court’s order between its finding of the amount of reasonable fees for services rendered and the amount the court authorized to be paid for the guardian’s services prevented meaningful appellate review and required the entry of a new order).
V. CONCLUSION
In short, we are unable to determine the basis for the circuit court’s award. It follows that we also cannot determine whether there is competent, substantial evidence in the record to support the award. Accordingly, we reverse the order under review. See id.; see also Schneider v. Schneider, 32 So.3d 151, 155 (Fla. 4th DCA 2010) (“Absent ... factual findings [about the number of hours spent and a reasonable hourly rate], reversal is required even where evidence is contained in the record from which the Rowe factors ... can be determined.”). We remand for the circuit court to enter a new order that sets forth the basis for the award, including the hours determined to be compensable, the hourly rate, and the other factors considered in arriving at the award. See Simhoni v. Chambliss, 843 So.2d 1036, 1037 (Fla. 4th DCA 2003); Guardianship of Halpert v. Martin S. Rosenbloom, P.A., 698 So.2d 938, 939 (Fla. 4th DCA 1997). The order must also itemize the costs allowed. Jones, 661 So.2d at 942.
Reversed and remanded with directions.
NORTHCUTT, J., Concurs.
VILLANTI, J., Concurs specially.

. The amounts sought for attorney's fees, paralegal fees, and expenses actually total $21,723.89. This figure is $29.37 more than the total that Mr. Martin requested.

.The provision of the order authorizing the guardian to pay an amount to Stephen M. Martin, P.A. reflects the typewritten amount of $21,694.52 (which is different than the total we calculated by multiplying the amount of hours claimed by the claimed hourly rates). But the circuit court crossed out the typewritten total requested by Mr. Martin and printed the amount of $16,520 above it.

. Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985).

. In re Estate of Platt, 586 So.2d 328 (Fla.1991).