# Third District Court of Appeal

## State of Florida

Opinion filed April 8, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2675
Lower Tribunal No. 13-26651
_____

**Eduardo Viera,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Michael S. Goodman (Hollywood), for petitioner.

Pamela Jo Bondi, Attorney General, for respondent.

Before WELLS, SUAREZ, and SALTER, JJ.

SUAREZ, J.

Eduardo Enrique Viera petitions this Court for a writ of prohibition seeking

review of the circuit court's order denying his motion to dismiss pursuant to

Section 776.032, Florida Statutes (2011), the criminal charges of attempted murder with a deadly weapon and/or aggravated battery. We deny the petition for writ of prohibition.

Viera was charged with attempted murder for assaulting Richard Osorio with a screwdriver. Prior to trial, Viera claimed immunity from prosecution pursuant to section 776.032(1), Florida Statutes (2011). [1] At a pretrial evidentiary hearing to determine the factual basis for the applicability of immunity,[2] the trial

[1] § 776.032 (1), Florida Statutes (2011), also known as the Stand Your Ground law, provides:

> A person who uses or threatens to use force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in such conduct and is immune from criminal prosecution and civil action for the use or threatened use of such force by the person . . ."

§ 776.012(2), Florida Statutes (2014) provides:

> (2) A person is justified in using or threatening to use deadly force if he or she reasonably believes that using or threatening to use such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony. A person who uses or threatens to use deadly force in accordance with this subsection does not have a duty to retreat and has the right to stand his or her ground if the person using or threatening to use the deadly force is not engaged in a criminal activity and is in a place where he or she has a right to be.

[2] The trial court correctly applied the standard enunciated in Peterson v. State, 983 So. 2d 27 (Fla. 1st DCA 2008), as adopted by this Court in State v. Yaqubie, 51 So. 3d 474, 475-76 (Fla. 3d DCA 2010), to determine whether a preponderance of the evidence showed whether Viera is immune from prosecution under section 776.032. When immunity under this law is properly raised by a defendant, the trial court must decide the matter by confronting and weighing only factual disputes. Dennis v. State, 51 So. 3d 456, 459 (Fla. 2010); Peterson, 983 So. 2d at 29–30.

2

court heard testimony from the victim Richard Osorio, the defendant Viera, and from Robert Georgi, a third party present at the scene of the offense. Viera testified that he drove his friend Georgi to a house to pick something up. As he sat waiting for Georgi under the carport at the house, Osorio drove up with a woman, who remained in the car. Viera testified that Osorio got out of the car with something in his hand. As Osorio approached Viera, he displayed a knife and demanded money from Viera. Viera testified he got up, reached into his pocket, took out a screwdriver and lunged back at Osorio in self-defense. Viera admitted to stabbing Osorio with the screwdriver because Osorio allegedly kept lunging at him and he was trying to defend himself. Viera claims that Osorio threatened him with a knife as "payback" for some past incident.

The victim, Osorio, testified that he had no weapon and did not provoke the defendant's attack. Osorio testified that he drove a woman to the house, got out and went inside to find someone. When he could not find the person, he decided to wait on the couch under the carport, where Viera was also sitting. When Viera made a rude comment about the woman in the car, Osorio retorted. Osorio testified that at that moment, Viera jumped up and stabbed him in the knee with a screwdriver. Viera told Osorio that the stabbing was payback from an incident between them that occurred some time ago. As Osorio got up to run away, Viera followed and stabbed Osorio a second time in the back side of his left arm, again in

3

his left elbow, and four times in the back. Osorio ran to his car to escape from Viera, who chased him around the vehicle. Osorio testified that Viera told him to leave or he would kill him. Osorio was able to get inside his car and drive away. Osorio denied attacking Viera with the knife and asking for money.

Georgi, Viera's acquaintance, testified that he did not see Osorio threaten Viera or brandish any weapon. Georgi testified that as he returned downstairs he noticed that Viera had something in his hand and that he was chasing Osorio, who was unarmed, around a car. He also noticed Osorio was moving slowly and appeared to be hurt. After Viera chased Osorio around the car, Georgi saw Osorio get into the car and leave. Viera never called the police, and did not speak of the incident to Georgi. Georgi additionally testified that sometime after Viera's arrest, Viera's father visited Georgi and asked him to change his testimony to say that Osorio was armed. Georgi explained that he refused to change his testimony. The trial court observed that the testimonial facts were very much in dispute, and the physical evidence was inconsistent with the defendant's version of the events. [3]

In reviewing a petition for writ of prohibition, this Court must consider the merits of the defendant's motion to dismiss in the same manner as if it were on direct appeal. See Sutton v. State, 975 So. 2d 1073, 1077–78 (Fla. 2008); Hair v.

---

[3] Photos of the crime scene introduced at the evidentiary hearing corroborated Osorio's testimony, as there was blood all around his car. The trial court observed that Osorio's wounds were located in bodily areas only accessible to Viera if Osorio had been turning away from his attacker. Viera was not injured.

4

State, 17 So. 3d 804, 805 (Fla. 1st DCA 2009), review denied, 60 So. 3d 1055 (Fla. 2011). Thus, we review the court's legal findings de novo and we review the court's factual findings for competent, substantial evidence. Hair, 17 So. 3d at 805. The trial court's ruling comes to this Court "clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." Terry v. State, 668 So. 2d 954, 958 (Fla. 1996); Smith v. State, 719 So. 3d 1018, 1021 (Fla. 3d DCA 1998).

As stated in Mobley v. State, 132 So. 3d 1160 (Fla. 3d DCA 2014), the objective standard is to be applied by a trial court in evaluating the factual circumstances presented in a Stand Your Ground motion to dismiss. That standard requires the court to determine whether, based on circumstances as they appeared to the defendant when he or she acted, a reasonable and prudent person situated in the same circumstances and knowing what the defendant knew would have used the same force as did the defendant. See Toledo v. State, 452 So. 2d 661, 663 (Fla. 3d DCA 1984) (finding a person in the exercise of his right of self-defense may use only such force as a reasonable person, situated as he was and knowing what he knew, would have used under like circumstances); see also Chaffin v. State, 121 So. 3d 608 (Fla. 4th DCA 2013); Price v. Gray's Guard Service, Inc., 298 So. 2d 461, 464 (Fla. 1st DCA 1974).

The defendant asserts that <u>Mobley</u> supports his petition. It does not. In <u>Mobley</u>, there was no inconsistent testimony; the incident was caught on surveillance cameras, and the video showed the victims' clear provocation of the defendant.[4] The only relevant inquiry was whether, given the totality of the circumstances leading up to the attack, the appearance of danger was so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of deadly force. <u>Mobley</u>, 132 So. 3d at 1166. The appellate court found Mobley immune from

---

[4] The majority in Mobley stated,

> The events that transpired next [the incident that was the basis for Mobley's Stand-Your-Ground defense] were captured on a security camera recording made outside the restaurant, and, for the most part, are beyond dispute.
>
> . . . .
>
> [T]he shooting at issue did not occur in a vacuum. Mobley did not shoot two innocent bystanders who just happened upon him on a sidewalk. The record—as corroborated by a video of the events—is that (1) Mobley found himself in the middle of a violent, unprovoked attack on a companion who was standing right next to him, by one of two men who earlier had engaged in an altercation to which he was a witness; (2) after the initial violent attack on Mobley's friend, the attacker immediately turned his attention to Mobley; (3) less than four seconds after that, the first attacker was joined by the second man involved in the altercation inside the restaurant; and (4) when the second man reached under his shirt after rushing up to join his companion who had not abandoned the field, Mobley believed the second man was reaching for a weapon to continue the attack.

<u>Mobley v. State</u>, 132 So. 3d at 1163, 1166 (Fla. 3d DCA.

6

prosecution where the record supported his reasonable fear of imminent death or great bodily harm.

In evaluating Viera's case, the trial court properly applied an objective standard to the totality of the circumstances. The court took into consideration the conflicting testimony of defendant Viera, victim Osorio, and witness Georgi, as well as the physical evidence. Competent substantial evidence supports Osorio's testimony and completely contradicts Viera's version of the events. On this record, we agree with the trial court that, "in observing and weighing the credibility of the testimony of all the witnesses, including the Defendant, and evaluating the physical evidence in this case, it is evident that the Defendant's testimony lacks credibility and is purely self-serving . . . it was unreasonable for the Defendant to attack Osorio as there is no evidence that he was in reasonable fear of imminent death or great bodily harm." We conclude that Viera is not immune from prosecution under section 776.031-.032, Florida Statutes (2011) and deny the petition for writ of prohibition.

Petition denied.

WELLS, J., concurs.

Viera v. State<br>
Case No. 3D14-2675

SALTER, J. (concurring in result).

7

I concur that the petition for prohibition in this Stand Your Ground[5] case should be denied, based on the record before us. For the reasons explained in my dissenting opinion in Mobley v. State, 132 So. 3d 1160, 1167-70 (Fla. 3d DCA 2014) (Salter, J., dissenting), however, I respectfully disagree with my colleagues' description of the record in Mobley in the majority opinion in the present case.

Because the majority's summary of Mobley is not an essential part of our consideration of the case at hand, and based on the record before us, I concur that Viera's petition must be denied.

---

[5] § 776.032, Fla. Stat. (2011).