DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KAREN ACKER** and **DAVID ACKER,** individually and as co-personal
representatives of the Estate of Stanley Acker,
Appellants,

v.

**MARK ACKER,**
Appellee.

No. 4D14-755

[May 27, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; David E. French, Judge; L.T. Case No.
502008CP001929XXXXSBIX.

Peter J. Forman and Jenna G. Rubin of Gutter Chaves Josepher Rubin
Forman Fleisher Miller P.A., Boca Raton, for appellants.

Mark Acker, Suffern, New York, pro se.

PER CURIAM.

Appellants, Karen Acker and David Acker, appeal the portion of the trial
court's Order on the Parties' Respective Motions for Approval of Attorneys'
Fees and Costs, which partially granted appellee, Mark Acker's, request
for payment of fees by the Estate and/or Trust of Stanley Acker. We affirm
on the first three issues raised by appellants, finding them to be without
merit. We write only to address the fourth issue.

The Order correctly notes that, in the probate arena, Florida law only
allows a trial court to order an award for fees and costs that are determined
to be "necessary and beneficial to the Estate and/or Trust." *See, e.g.*,
*Estate of Brock,* 695 So. 2d 714, 717 (Fla. 1st DCA 1996); *Barnett v.
Barnett,* 340 So. 2d 548, 550 (Fla. 1st DCA 1976). The trial court
inherently found that some of the actions taken by appellee were
"necessary and beneficial" when it explicitly accepted the testimony of one
of appellee's witnesses and partially granted appellee's request for fees.
However, the order contains an "internal inconsistency" where a
subsequent portion states that other testimony "supported the conclusion

that" appellee's conduct was "adverse and detrimental to the best interests of the Estate and Trust." *See In re Guardianship of Ansley*, 94 So. 3d 711, 714 (Fla. 2d DCA 2012) (reversing an award of fees to an attorney who performed work for a ward's estate, and remanding for the trial court "to enter a new order that sets forth the basis for the award," because the order awarded an amount less than requested by the attorney without explaining what led to the ruling, thereby creating an "internal inconsistency"); *Perez v. Perez*, 100 So. 3d 769, 772 (Fla. 2d DCA 2012) (reversing an order awarding attorneys' fees to the wife, in part because the order contained "internal inconsistencies," including "conflicting findings concerning the reasonable hourly rate for the Wife's attorneys" and "the hours reasonably incurred by each of the Wife's attorneys"). Because the trial court's subsequent finding that appellee's conduct was "adverse and detrimental" conflicts with the court's award of fees to appellee based on acceptance of one of his witness's testimony, we reverse and remand for the trial court "to enter a new order that sets forth the basis for the award" without this "internal inconsistency." *Ansley*, 94 So. 3d at 714.

We note that the parties presented substantial evidence at the fee hearing. Accordingly, "while the trial court may take additional evidence on remand if it believes it necessary, the trial court is not required to do so," and the internal inconsistency may be addressed by the trial court without further hearings or proceedings. *See Perez*, 100 So. 3d at 773.

*Reversed and remanded with instructions.*

STEVENSON, GERBER and LEVINE, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**