Klingensmith, J.
Appellants, Colette K. Meyer and Meyer Law Firm, served as counsel for the guardianship of a ward who is an incapacitated minor. They appeal the circuit court’s final order that awarded them less than what they requested in their three petitions for attorney’s fees and costs. For the reasons stated herein, we affirm in part and reverse in part with instructions.
Appellants received $154,468.24 in attorney’s fees and costs from the guardianship for legal services performed between May 2013 and December 2014. On August 21, 2015, appellants filed a motion to voluntarily withdraw as counsel. That motion was granted six days later on August 27, 2015.
Appellants then filed three petitions, requesting additional attorney’s fees and costs. The first petition was for $77,706.25 in fees and $2,794.48 in costs incurred from December 1, 2014, through August 20, 2015. The second petition was for $9,662.50 in fees and $1,056.60 in costs incurred from August 13, 2015, through October 31, 2015. The third petition was for $13,062.50 in fees and $437.50 in costs associated with filing the first two petitions and preparing for the fees hearing.
The circuit court held an evidentiary hearing on the petitions where Meyer testified that the three petitions accurately reflected the time spent on this case, which she said was made difficult and time-consuming because the ward was a plaintiff and asked her firm for assistance in two complicated medical malpractice cases. However, even the expert hired by appellants testified that asking for over $250,000 in attorney’s fees for representing a guardianship for just over two years in a guardianship worth approximately $400,000 appeared excessive.
The court later issued its order, explaining that it was “troubled by such a large percentage of the guardianship being usurped for attorney’s fees and costs by the guardian’s former counsel who only *1012 served in that capacity from May of 2013 until August of 2015.” In agreeing with the guardian’s expert that appellants charged an excessive fee, the court found as follows:
1) the Meyer Law Firm bills in no less ■ than quarter hour increments when tenths of an hour would be more appropriate in a guardianship matter;
2) time spent researching and drafting documents to convert this guardianship into, a trust should not be charged to the guardianship;
3) time spent on a foreclosure matter for the ward’s mother should not be charged against the guardianship;
4) work by paralegals, which appears essentially secretarial, should not be charged to the guardianship;
5) billings, for meetings between Ms. Meyer and her paralegals should not.be charged to the. guardianship;
6) billing entries which were not clearly defined should not be charged to the guardianship; [and]
7) only á limited amount of time related to the ongoing medical malpractice action should be charged to the guardianship. Ms. Meyer may seek fees from her limited appearance in the civil medical malpractice case as she sees fit.
As to appellants’ first petition, based on the above findings, the court awarded appellants only $35,000 in fees and reduced the award of costs to $2,314.48 due to the disallowance of a $480 electronic storage charge. As to the second petition, the court denied all the requested .fees and costs because they “were all incurred subsequent to the time [appellants] withdrew as counsel for the Guardian.”
Finally, as to appellants’, third petition, the court awarded appellants $2,550 in attorney’s fees, reimbursed appellants $4,500 for hiring an attorney for the fees hearing, and reimbursed appellants $5,225 for hiring an expert for the fees hearing. The $2,550 attorney’s fees award was based on appellants spending four hours preparing for the fees hearing and two hours at the actual hearing, totaling six- hours at an hourly rate of $425. The $4,500 in reimbursement costs was based on the attorney’s testimony that he spent twelve hours on appellants’ case at an hourly rate of $375. The $5,225 in reimbursement costs was based on the expert’s testimony that he spent eleven hours on appellants’ case at an hourly rate of $475.
Overall, even though appellants filed three petitions requesting $104,719.83 in fees and costs, the court ultimately awarded them a total of $49,589.48 in fees and costs. In this appeal, appellants assert that the court’s order on all three petitions is flawed. For. the reasons stated below, we reverse the court’s order on appellants’ first two petitions, but affirm its order on appellants’ third petition.
“We review orders on attorney’s fees for an abuse of discretion.” Glantz & Glantz, P.A. v. Chinchilla, 17 So.3d 711, 713 (Fla. 4th DCA 2009). “We defer to the circuit court’s findings of fact when they are based on competent, substantial evidence.” In re Guardianship of Ansley, 94 So.3d 711, 713 (Fla. 2d DCA 2012).
First Petition
Pursuant to section 744.108(1), Florida Statutes (2015), a guardianship attorney “is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward.” Section 744.108(2) lists nine factors that courts must consider when determining an award of attorney’s fees. Section 744.108(4) explains that “[flees for legal services may include customary and reasonable charges *1013 for work performed by legal assistants employed by and working under the direction of the attorney.”
Further, it is well settled that when circuit courts award reasonable compensation to guardianship attorneys, the order must contain express findings regarding the number of hours reasonably expended and the reasonable hourly rate on which the award is based. Thorpe v. Myers, 67 So.3d 338, 345 (Fla. 2d DCA 2011); Simboni v. Chambliss, 843 So.2d 1036, 1037 (Fla. 4th DCA 2003); Guardianship of Halpert v. Rosenbloom, 698 So.2d 938, 939 (Fla. 4th DCA 1997). But of Blits v. Renaissance Cruises, Inc., 647 So.2d 971, 972 (Fla. 4th DCA 1994) (holding that since the trial court stated on record the .number of hours and hourly rate on which attorney’s fees award was based, failure to include number of hours and hourly rate in written order was harmless error).
On appeal, appellants argue that the circuit court erred by failing to consider the nine factors in section 744.108(2) when it. determined that the amount requested by appellants in the first petition was excessive. We disagree. Although the order did not expressly reference section 744.108(2), the order sufficiently explained why the court found the amount to be excessive. In so doing, the court, albeit indirectly, applied the relevant factors in section 744.108(2) to the first petition.
However, we do agree with appellants’ contention that the court’s order lacked sufficient factual findings concerning the reasonable hourly rate and the number of hours on which the award of attorney’s fees was based. Considering the court reduced appellants’ request for attorney’s fees by over $42,000, the court needed to, at the very least, specifically identify the number of hours and hourly rate on which the final award was based. See Haines v. Sophia, 711 So.2d 209, 211 (Fla. 4th DCA 1998) (stating that “[i]t is an exceedingly painstaking and time consum-' ing task to sort through, as here, numerous time sheet entries and assess their context and amounts. It is, however, a necessary evil that trial judges make the effort. Public acquiescence in judicial rulings on attorney’s fees makes it imperative that judges take the trouble to do so”). Moreover, unlike Blits, this error was not harmless because the guardian’s expert never specifically testified on the number of hours reasonably expended or the reasonable hourly, rate, and the court never stated on the record the number of hours and the hourly rate on which the attorney’s fees award was based. See 647 So.2d at 972.
Therefore, because the record on appeal is devoid of any specific evidence on how the circuit court ultimately arrived at awarding appellants $35,000 in attorney’s fees, we reverse and remand to the circuit court for entry of a written order specifying the number of hours and the hourly rate on which the award of attorney’s fees is based. See In re Guardianship of Ansley, 94 So.3d at 714. “The court need not hold a new evidentiary hearing if it is able to enter a written order from its notes or a transcript of the original fees hearing.” Simhoni, 843 So.2d at 1037.[1]
*1014 Second Petition
The trial court denied appellants’ second petition because it found the fees and costs “were all incurred subsequent to the time [appellants] withdrew as counsel for the Guardian.” A review of the record, though, reveals that the circuit court was mistaken about the dates of when some of those fees were incurred. The court granted the motion to withdraw on August 27, 2015. Yet, appellants’ second petition included numerous billing entries from August 13, 2015, through that date.
In light of appellants’ withdrawal on August 27, 2015, we reverse and remand to the trial court for the entry of a sufficient written order containing the necessary findings about whether such billings were compensable, and if so, specifying the number of hours and the hourly rate on which the award of attorney’s fees is based. See In re Guardianship of Ansley, 94 So.3d at 714. The new order must also itemize the costs allowed on the second petition. Id. Again, a new evidentiary hearing is unnecessary if the court can use notes or a transcript of the original fees hearing to formulate the new order. Simhoni, 843 So.2d at 1037.
Third Petition
Section 744.108(8), 'which authorizes courts to order guardianships to compensate attorneys for the fees and costs associated with preparing and attending hearings on fees, provides:
When court proceedings are instituted to review or determine a guardian’s or an attorney’s fees under subsection (2), such proceedings are part of the guardianship administration process and the costs, including costs and attorney fees for the guardian’s attorney, an attorney appointed under s. 744.331(2), or an attorney who has rendered services to the ward, shall be determined by the court and paid from the assets of the guardianship estate unless the court finds the requested compensation under subsection (2) to be substantially unreasonable.
Unlike the orders entered on the other two petitions, the final order on this petition contained all the required elements, including the number of hours the court found to be compensable as well as the hourly rate for appellants, appellants’ attorney, and appellants’ expert. Considering appellants’ own expert testified that the amount requested in the third petition was “probably” excessive, the circuit court did not abuse its discretion in making its reductions. Therefore, we affirm the circuit court’s final order as to the third petition.

Affirmed in part, Reversed in part, and Remanded with instructions.

Taylor and Gerber, JJ., concur.

, With respect to the first petition, appellants also argue that the final order awarding them only $2,314,48 in costs, instead of the $2,794.48 they requested, should be reversed as well. This argument is meritless because appellants’ expert -testified that appellants should not have charged the guardianship $480 for electronically storing files and the court’s order specifically provided that it reduced the costs amount due to the disallowance of that electronic storage charge. We therefore affirm the circuit court’s final order awarding appellants $2,314.48 in costs-on appellants’ first petition,