# Third District Court of Appeal

## State of Florida

Opinion filed June 21, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-315
Lower Tribunal No. 20-149-M
_____


**James T. Nadell,**
Petitioner,

vs.

**Apachula B. Hursey,**
Respondent.


A Case of Original Jurisdiction—Prohibition.

Ronald I. Strauss, Esq., P.A., and Ronald I. Strauss, for petitioner.

Philip D. Parrish, P.A., and Philip D. Parrish, for respondent.


Before EMAS, SCALES and BOKOR, JJ.

SCALES, J.

Petitioner James T. Nadell, the defendant below, seeks a writ of prohibition to quash the trial court's January 27, 2023 interlocutory order

denying Nadell's motion to dismiss the civil battery complaint filed by the plaintiff below, respondent Apachula Hursey. Claiming that he is entitled to statutory immunity from this civil action under Florida's Stand Your Ground Law ("SYG"),[1] Nadell argues that the trial court's factual findings contained in the challenged order, entered after an evidentiary hearing on Nadell's SYG motion, are not supported by competent, substantial evidence. While we read existing precedent as allowing us to reach the merits of Nadell's petition, we do so with reluctance because we question whether prohibition is an available remedy to a civil defendant who seeks to challenge a nonfinal order denying SYG immunity. Thus, we certify this threshold procedural question to the Florida Supreme Court as one of great public importance and refer the issue to the Florida Bar's Appellate Rules Committee. On the merits, we deny Nadell's petition because competent, substantial evidence supports the trial court's determination that Nadell is not entitled to SYG immunity.

## I.    RELEVANT FACTS AND PROCEDURAL BACKGROUND

---

[1] Section 776.032(1) of the Florida Statutes (2018) provides, in relevant part, that "[a] person who uses or threatens to use force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in such conduct and is immune from . . . civil action for the use or threatened use of such force by the person . . . against whom the force was used or threatened, unless the person against whom force was used or threatened is a law enforcement officer[.]"

Hursey's amended complaint against Nadell seeks damages for injuries Hursey sustained as a result of an alleged battery committed by Nadell on October 16, 2018, on Nadell's boat in Key West, Florida. In his responsive pleading, Nadell alleges, as an affirmative defense, that he is immune from civil liability under SYG. On April 14, 2022, Nadell filed his Motion for Order Granting Statutory Civil Immunity Pursuant to F.S. 776.032 ("SYG Motion") in which Nadell seeks dismissal of Hursey's amended complaint. Nadell's SYG Motion asserts that Hursey attacked Nadell, and that Nadell used "only necessary force to separate [Hursey] from [Nadell]." Following a December 20, 2022 evidentiary hearing thereon, the trial court entered the January 27, 2023 challenged order denying Nadell's SYG Motion. The challenged order concludes that Nadell failed to meet his burden of establishing, by a preponderance of evidence, that he is entitled to statutory civil immunity.

Nadell then filed the instant prohibition petition in this Court. Nadell's principal argument here is that the trial court's order is not supported by competent, substantial evidence. We ordered the parties to submit supplemental briefing on whether, in light of the Florida Supreme Court's recent decision in Mintz Truppman, P.A. v. Cozen O'Connor, PLC, 346 So.

3

3d 577 (Fla. 2022),[2] prohibition is an available remedy to challenge a trial court's nonfinal order in a civil case denying SYG immunity. After receiving the parties' supplemental briefing, we deferred weighing in on this threshold procedural question until the parties fully briefed the merits of the instant petition.

## II.   ANALYSIS

### A. Whether Prohibition Lies and the Certified Question of Great Public Importance

At the outset, we are faced with a difficult, procedural question: whether the remedy of prohibition lies to review an interlocutory order in a civil case denying, after an evidentiary hearing, a statutory immunity claim brought under SYG.[3] The challenged order is not contained in Florida Rule

---

[2] In Mintz Truppman, the Florida Supreme Court quashed an opinion from this Court granting a prohibition petition to a civil defendant being sued in the Miami-Dade County circuit court for a claim that already had received a final adjudication in federal court. The Mintz Truppman court held that the remedy of prohibition is not available to a civil defendant wishing to challenge a trial court order denying the defendant's motion to dismiss based on collateral estoppel. 345 So. 3d at 581.

[3] In his supplemental briefs, Nadell requests that, should we determine prohibition does not lie as a remedy, we treat his prohibition petition as a certiorari petition. Indeed, if Nadell's petition challenged some procedural aspect of the trial court's disposition of his SYG Motion, then certiorari might be an appropriate remedy. See Edwards v. State, 351 So. 3d 1142, 1146-47 (Fla. 1st DCA 2022); Corbett v. State, 348 So. 3d 645, 647-48 (Fla. 5th DCA 2022); see also Penalver v. State, 338 So. 3d 990, 990 (Fla. 3d DCA 2022) (granting certiorari and quashing an order denying the petitioner's SYG

4

of Appellate Procedure 9.130's schedule of appealable nonfinal orders. As mentioned above, our Supreme Court has recently reinforced the very limited circumstances in which the remedy of prohibition is available:

> Prohibition is an extraordinary writ, extremely narrow in scope, by which a superior court may prevent an inferior court from exceeding its jurisdiction. English v. McCrary, 348 So. 2d 293, 296 (Fla. 1977).

> We have consistently said that the purpose of the writ is to prevent a court's action beyond the scope of its jurisdiction, not to correct an erroneous exercise of jurisdiction. See McCrary, 348 So. 2d at 296-97 ("It is preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower tribunal is about to do. Its purpose is to prevent the doing of something, not to compel the undoing of something already done.").

> . . . [W]ere we to permit litigants to seek prohibition in every case in which a trial judge denies a motion to dismiss based on collateral estoppel, res judicata, or any other affirmative defense, the writ could be used to end-run our rules on appeals generally and interlocutory appeals in particular. . . .

> In the cases where we have found a writ of prohibition to be an appropriate remedy, it has not been deployed to reverse a trial court's order on the merits of a case on the basis of an affirmative defense. We have found it properly issued where a

motion in a criminal case because the trial court erred in determining that the petitioner's SYG motion must be sworn and rely on record evidence); Casanova v. State, 335 So. 3d 1231, 1232 (Fla. 3d DCA 2021) (same). Because Nadell's petition, though, raises no procedural issue regarding how the trial court conducted the evidentiary hearing on his SYG Motion, and contests only the trial court's merits determination in the challenged order, we decline Nadell's invitation to treat the instant petition as a certiorari petition.

5

court has proposed to act in excess of its subject matter jurisdiction.

Mintz Truppman, 346 So. 3d at 580-81 (citations omitted) (footnote omitted).

We are not alone in struggling with the issue. See, e.g., Snow v. State, 352 So. 3d 529, 532-534 (Fla. 1st DCA 2022) (questioning the availability of the prohibition remedy in the SYG immunity setting, especially with regard to the fact that, unlike other interlocutory remedies, there is no time limit for filing a prohibition petition); Edwards, 351 So. 3d at 1146, n.2 (noting that nonfinal orders denying SYG immunity were not added when the Florida Supreme Court expanded rule 9.130's list of appealable nonfinal orders to include nonfinal orders denying certain types of immunity claims, and questioning the appropriateness of prohibition as a remedy). Notwithstanding the limitations on the remedy of prohibition, our sister courts have recognized prohibition as the appropriate remedy for challenging the trial court's denial of a defendant's assertion of SYG immunity:

> If the defendant asserts that on the merits he or she is entitled to immunity, is challenging the legal determinations and factual findings of immunity or lack of immunity, and the relief to be afforded is prohibition against further prosecution, then a petition for writ of prohibition is appropriate to review the claim.

Corbett, 348 So. 3d at 648; Edwards, 351 So. 3d at 1146 ("When raising a substantive challenge to a trial court's ruling on a self-defense immunity claim, a defendant may seek relief by petitioning for a writ of prohibition.").

6

Moreover, as recently as 2021, the Florida Supreme Court seems to have suggested that prohibition will lie as a remedy:

> [A] defendant who avails him or herself to a *pretrial* immunity hearing and who believes legal error was committed at the *pretrial* immunity hearing may still seek relief by filing a petition for a writ of prohibition before invoking his or her right to a trial.

Boston v. State, 326 So. 3d 673, 677 (Fla. 2021) (footnote omitted) (determining that a criminal defendant, whose pretrial SYG immunity hearing was conducted using an incorrect burden of proof and who was later convicted in a jury trial, was not entitled to have his conviction vacated because the jury – employing a burden of proof more favorable to the defendant – rejected the defendant's self-defense claim).

Although we find it difficult in this case to reconcile the availability of prohibition as a remedy with the dictates of Mintz Truppman, existing precedent compels us to adjudicate the merits of Nadell's prohibition petition.[4] Nevertheless, given (i) the lack of precedent in civil cases on this issue, (ii) the Florida Supreme Court's pronouncements in Mintz Truppman

---

[4] We note that all of the SYG immunity cases cited herein are criminal cases. In Professional Roofing & Sales, Inc. v. Flemmings, 138 So. 3d 524 (Fla. 3d DCA 2014), though, this Court treated the civil defendants' petition for review of an order summarily denying their motion to dismiss a civil action under SYG as a petition for writ of prohibition. In reaching its decision, the Flemmings court concluded that the appropriate procedure for determining a civil immunity claim under section 776.032 is the same as that employed by the courts in the criminal context. Id. at 530.

7

regarding the limited availability of the prohibition remedy, (iii) both our and our sister court's questioning the availability of the prohibition remedy, and (iv) the likelihood that this issue will recur, we certify to the Florida Supreme Court the following question as one of great public importance:

> Is prohibition the appropriate remedy for a civil defendant to challenge a nonfinal order denying the defendant's motion for statutory immunity under Florida's Stand Your Ground Law?

We also refer to the Florida Bar's Appellate Rules Committee the issue of whether rule 9.130's list of appealable nonfinal orders should be amended to include appeals from nonfinal orders denying a civil defendant's motion for statutory immunity under SYG.

### B. The Merits of Nadell's Prohibition Petition

This Court applies a mixed standard of review to the trial court's order denying Nadell's SYG Motion. To wit, we review the trial court's factual findings for competent, substantial evidence, and we review *de novo* the trial court's legal determination with respect to those factual findings. See State v. Quevedo, 357 So. 3d 1249, 1252 (Fla. 3d DCA 2023). Importantly, Nadell bore the burden below of proving, by a preponderance of the evidence, that he is entitled to civil immunity under SYG. See Kumar v. Patel, 227 So. 3d 557, 559 (Fla. 2017).

At the evidentiary hearing on Nadell's SYG Motion, the trial court heard testimony from Nadell, Hursey, and two eyewitnesses who were on Nadell's boat the night of the altercation. Nadell and the two eyewitnesses testified that Hursey was the aggressor and that Nadell acted only in self-defense. Whereas, Hursey testified that Nadell was the aggressor:

> [NADELL'S ATTORNEY]: Okay. Tell me how this altercation occurred.
>
> [HURSEY]: Well, it all started with me getting on the telephone. . . . And I was sitting next to [Nadell] and [Nadell] was listening to the conversation and he said let – what is this all about? And I said I was trying to get them a date and he – I was blindsided and he took my arm and tried to take my phone away while yelling into the phone stay away from her, she's F'ing mine. And he wouldn't let go of my phone and my arm was being twisted. And from there, I remember my hair being pulled.

In the challenged order, the trial court determined that, based on the evidence presented below, it "[could not] reach the conclusion that either Hursey or Nadell became the 'aggressor' that evening" and, therefore, Nadell had failed to prove, by a preponderance of the evidence, "that Nadell was defending himself from being battered by Hursey."

Nadell's petition argues that because Nadell and the two eyewitnesses testified that Hursey had instigated the physical encounter between Nadell and Hursey, the trial court was required to find, as a factual matter, that Hursey was the aggressor and that Nadell is therefore immune

9

from Hursey's lawsuit. Nadell's argument, though, misapprehends this Court's review of a trial court's factual findings.

In conducting our competent, substantial evidence review, "[t]he trial court's factual findings are presumed correct" and this Court "must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." Spires v. State, 180 So. 3d 1175, 1177 (Fla. 3d DCA 2015) (quoting Viera v. State, 163 So. 3d 602, 604 (Fla. 3d DCA 2015)). We do not reweigh the evidence. See Snow, 352 So. 3d at 536. Nor does it matter that Nadell's version of events is supported by evidence that conflicts with Hursey's version of events. Id. at 538. "It only matters that the version the trial court believed is supported by competent, substantial evidence." Id. Thus, while the bulk of the testimonial evidence presented at the hearing may support Nadell's claim that Nadell was merely defending himself against Hursey's attack, Hursey's testimony to the contrary constitutes competent, substantial evidence that supports the trial court's legal determination that Nadell is not entitled to SYG immunity. Id.[5]

---

[5] We note, as did the trial court, that (i) neither of the eyewitnesses testified that they had seen Hursey strike Nadell, and (ii) both eyewitnesses candidly admitted that, on the night of the altercation, they told the police that they had not seen any part of the altercation between Nadell and Hursey. Also, over Nadell's objection, the trial court received evidence that Hursey's

Ultimately, the trial court weighed the evidence and determined that Nadell had not met his burden of proof. Based on our standard of review, we find no error that would warrant granting Nadell's petition, and therefore we deny the petition.

Petition denied; question certified; issue referred to Florida Bar's Appellate Rules Committee.

---

testimony was consistent with the version of events Hursey relayed to police the night of the incident.