# Third District Court of Appeal

## State of Florida

Opinion filed September 4, 2024.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D23-2215
Lower Tribunal No. F20-11859

————————————

## Guillermo Alejandro Gazapo Figueroa,

Petitioner,

vs.

## The State of Florida,

Respondent.

A Case of Original Jurisdiction – Prohibition.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for petitioner.

Ashley Moody, Attorney General, and Linda S. Katz, Assistant Attorney General, for respondent.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Petitioner, Guillermo Alejandro Gazapo Figueroa, files the instant petition for writ of prohibition, challenging the trial court's order denying his motion seeking immunity from prosecution pursuant to sections 776.032(1) and 776.0012(2), Florida Statutes (2020), Florida's Stand Your Ground law. In the course of proceedings below, the State conceded that Defendant's pretrial motion was legally sufficient to set forth a prima facie claim of self-defense immunity from criminal prosecution, thereby placing upon the State the burden of overcoming the immunity from prosecution by clear and convincing evidence. See § 776.032(4), Fla. Stat. (2020) ("In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1)."). See also Valdes v. State, 320 So. 3d 235, 240 (Fla. 3d DCA 2021) (quoting statute and noting the Florida Legislature amended the statute in 2017 to shift the burden of proof from the defendant to the State).

The trial court held an evidentiary hearing over the course of three days, at which six witnesses were called by the State to testify, and two witnesses (including the defendant) were called by the defense to testify. Many of the central events leading up to the shooting were disputed,

requiring the trial court to weigh the evidence and assess witness credibility. See Dennis v. State, 51 So. 3d 456 (Fla. 2010). The detailed order reflects the trial court's diligence in that process of weighing and assessing, and there is substantial competent evidence in the record to support the trial court's determination that the State had overcome the prima facie claim of self-defense immunity by clear and convincing evidence. We will not substitute our judgment for that of the trier of fact. See Viera v. State, 163 So. 3d 602, 604 (Fla. 3d DCA 2015) (observing that the "trial court's ruling comes to this Court 'clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling.'" (quoting Terry v. State, 668 So. 2d 954, 958 (Fla.1996) and Smith v. State, 719 So. 2d 1018, 1021 (Fla. 3d DCA 1998))); State, Fla. Highway Patrol v. In re: Forfeiture of Twenty-Nine Thousand Nine Hundred & Eighty (29,980.00) in U.S. Currency, 802 So. 2d 1171, 1172 (Fla. 3d DCA 2001) ("It is not the function of an appellate court to substitute its judgment for that of the trial court or to reweigh the evidence, absent a lack of substantial competent evidence."); Lee v. Condell, 208 So. 3d 253, 258 ("Because substantial, competent evidence exists to support the trial court's ruling, this

Court will not disturb on appeal the trial court's resolution of the conflicting evidence.")

Petition denied.